■ In the Matter of JENNIFER D. and Others, Infants.— Order insofar as appealed from unanimously affirmed without costs. Memorandum: Respondents appeal from an order that terminated their parental rights with respect to three of their children and denied their motion to stay entry of judgment terminating their parental rights. The order also denied their request for permission "to prepare a petition seeking extension of the suspended judgment." In a prior order, the court had ordered that in one year judgment would be entered terminating respondents' parental rights unless, before the end of one year, any interested party petitioned the court for return of one or more of the children "or for extension of the Order of suspended judgment." The prior order further provided that a petition seeking an extension would be granted only if the Erie County Department of Social Services and Child and Family Services "can assure the Court that substantial progress" has been made by respondents toward goals set forth in the order. Respondents' motion seeking permission "to prepare a petition" was made 27 days after the expiration of one year.

Although respondents are correct that the court failed to state the facts it deemed essential to its decision (CPLR 4213 [b]), that failure does not require remittitur because the record is sufficient for this court to make its own findings *(see, Matter of Jose L.I.,* 46 NY2d 1024; *Matter of Apker v Malchak,* 112 AD2d 518). We find that, even if respondents had made a timely petition to extend judgment, the court would have been correct in denying that petition based on respondents' failure to meet the condition in the order suspending judgment.

Rather than "assuring" the court that progress had been made, the Department of Social Services and Child and Family Services emphatically recommended termination of parental rights in response to respondents' motion. (Appeal from Order of Erie County Family Court, Sedita, J.—Terminate Parental Rights.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.