■ In the Matter of the Guardianship of MELISSA R. and Another, Infants. GRAHAM-WINDHAM SERVICES FOR CHILDREN et al., Respondents; MICHAEL R., SR., Appellant. [617 NYS2d 763] —Order, Family Court, New York County (Jeffry Gallet, J.), entered March 11, 1993, terminating respondent-father's parental rights and transferring custody of the children to the petitioner agency and the Commissioner of Social Services, following a determination at a fact-finding hearing that respondent, due to his mental illness, was unable to care for his children now or in the foreseeable future, unanimously affirmed, without costs.

The uncontroverted psychiatric testimony and medical records support Family Court's conclusion that petitioner established, by clear and convincing evidence, that respondent is presently and for the foreseeable future unable, by reason of mental illness, to properly care for the children (Social Services Law § 384-b [4] [c]; *Matter of Shavone La'Vette C.,* 194 AD2d 417, *lv denied* 82 NY2d 657). The court-qualified psychiatrist stated that the primary diagnosis was "narcissistic personality disorder" (the disorder) with schizotypal features, based on respondent's exhibition during interviews of several criteria listed in the Diagnostic and Statistical Manual of Mental Disorders. The doctor concluded that respondent was afflicted with a mental disease that manifested itself by, *inter alia,* deficits in regard to his relationship with his children, such as the history of judicially established sexual abuse of his son and daughter and his having placed them in foster care despite his own bad experience with such placement in order to pursue an education for himself. The doctor further concluded that because of his "entrenched and chronic" characterological disturbance, which prevents him from "adequately perceiving the needs of his children or responding to them appropriately", respondent was not now and would not in the foreseeable future be able to adequately care for his son and daughter. This was especially true, the doctor continued, because respondent does not see any need for a change in his own behavior and because the children have special psychological needs that must be addressed.

We are not persuaded by respondent's contention on appeal

that petitioner was obligated to prove by clear and convincing evidence each disorder criterion cited by the psychiatrist. The relevant statute supports Family Court's conclusion that only the "totality" of the mental illness need be proven by clear and convincing evidence: "An order committing the guardianship and custody of a child * * * shall be granted only upon *a finding that*" "[t]he parent or parents * * * are presently and for the foreseeable future *unable, by reason of mental illness* * * * to provide proper and adequate care for a child" "[is] *based upon clear and convincing proof.*" (Social Services Law § 384-b [3] [g]; [4] [c] [emphasis added].) Concur—Murphy, P. J., Carro, Ellerin, Wallach and Kupferman, JJ.