■ In the Matter of DYLAN K., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBORA K., Appellant. (Appeal No. 1.) [702 NYS2d 487] —Order unanimously affirmed without costs. Memorandum: Respondent mother and respondent father respectively appeal from orders terminating their parental rights with respect to their son (appeal Nos. 1 and 3). Petitioner met its burden of demonstrating by clear and convincing evidence that respondents are presently and for the foreseeable future unable to provide proper and adequate care for their child by reason of mental illness (*see*, Social Services Law § 384-b [4] [c]; [6] [a]; *Matter of Casey J.*, 251 AD2d 1002; *Matter of Jarred R.*, 236 AD2d 888). Respondents stipulated to the credentials of the court-appointed psychologist, who concluded that the mental illness of each respondent rendered each respondent incapable of caring for the child safely, that, if the child were placed in the care of either respondent, the risk of neglect or abuse was substantial, and that respondents were not likely to improve or be able to care for the child in the foreseeable future. The record reflects that the psychologist based his conclusions upon each respondent's history of mental illness, his review of each respondent's medical and other records, the results of standardized tests that

were administered to respondents at his direction, and extensive interviews with and observation of respondents and the child. He testified regarding the manner in which each respondent's mental illness affects the present and future ability of each respondent to care for the child. The psychologist sufficiently articulated an adequate basis for his conclusions (*cf., Matter of Dochingozi B.,* 57 NY2d 641, 643). The failure of the psychologist to provide a precise, clinically accepted diagnosis does not render his testimony legally insufficient to satisfy the statutory mandate.

Mental illness is defined as "an affliction * * * which is manifested by a disorder or disturbance in behavior, feeling, thinking or judgment to such an extent that if such child were placed in or returned to the custody of the parent, the child would be in danger of becoming a neglected child" (Social Services Law § 384-b [6] [a]). "[O]nly the 'totality' of the mental illness need be proven by clear and convincing evidence" (*Matter of Melissa R.,* 209 AD2d 155, 156, *lv denied* 85 NY2d 803). Under the circumstances of this case, petitioner's failure to introduce respondents' medical records in evidence does not render the evidence less than clear and convincing. (Appeal from Order of Erie County Family Court, Townsend, J.— Terminate Parental Rights.) Present—Pine, J. P., Hayes, Pigott, Jr., and Balio, JJ.