■ In the Matter of CHARLES EMANUEL M., a Child Alleged to be Neglected. ST. VINCENT'S SERVICES, INC., Respondent; JOY M., Appellant. (Proceeding No. 1.) In the Matter of DAVID PAUL M., a Child Alleged to be Neglected. ST. VINCENT'S SERVICES, INC., Respondent; JOY M., Appellant. (Proceeding No. 2.) In the Matter of JESSICA PARIS M., a Child Alleged to be Neglected. ST. VINCENT'S SERVICES, INC., Respondent; JOY M., Appellant. (Proceeding No. 3.) [740 NYS2d 100] —In three related proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights, the mother appeals, as limited by her brief, from so much of three orders of disposition of the Family Court, Kings County (Porzio, J.) (one as to each child), all dated May 28, 1998, as, after a joint fact-finding hearing, granted the respective petitions and committed the guardianship and custody of the children to the Commissioner of Social Services of the City of New York and to the petitioner St. Vincent's Services, Inc., for the purpose of consenting to their adoption.

Ordered that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.

We agree with the Family Court that there was clear and convincing evidence that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care of the subject children (*see* Social Services Law § 384-b [4] [c]; *Matter of Harlem Dowling-Westside Ctr. for Children & Family Servs. [Ebony Shaquiera*

*C.] v Marion L.C.,* 264 AD2d 845; *Matter of Juliana V.,* 249 AD2d 314, 315; *Matter of Virginia Denise R.,* 249 AD2d 400; *Matter of Edward R.,* 123 AD2d 866, 867; *cf. Matter of Hime Y.,* 52 NY2d 242, 248).

Contrary to the mother's contention, the psychologist's testimony regarding the prospects for the foreseeable future was unequivocal. While he testified that it was difficult to give a prognosis regarding the foreseeable future because the mother's condition was changeable and her ability to care for the children would depend on the extent to which she was symptomatic, he also unequivocally testified that the mother would not be able to provide proper and adequate parenting and that the children would always be at a certain level of risk under her care (*compare Matter of Hime Y., supra* at 249). Smith, J.P., O'Brien, McGinity and Crane, JJ., concur.