■ In the Matter of DAMION S. and Others, Infants. WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PAMELA S., Appellant. [752 NYS2d 476] —Appeal from an order of Family Court, Wayne County (Sirkin, J.), entered July 24, 2001, which, inter alia, terminated respondent's parental rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court's determination terminating respondent's parental rights on the ground of mental illness pursuant to Social Services Law § 384-b (4) (c) is supported by clear and convincing evidence. Contrary to the contention of respondent, "[t]he mere possibility that [her] condition, with proper treatment, could improve in the future is insufficient to vitiate Family Court's conclusion" (*Matter of Vaketa Y.,* 141 AD2d 892, 893; *see Matter of Trebor UU.,* 295 AD2d 648, 650; *Matter of Harris AA.,* 285 AD2d 755, 756-757), particularly

where, as here, a minimum of three years of counseling would be required (*see Matter of Shane PP.*, 283 AD2d 725, 727-728, *lv denied* 96 NY2d 720). Furthermore, the efficacy of any treatment is contingent upon the cooperation of respondent, who did not testify at the hearing. Because respondent did not testify, the court properly drew the strongest inference against her "that the opposing evidence in the record would allow" (*Matter of Shawna U.*, 277 AD2d 731, 733).

Respondent further contends that the evidence is legally insufficient because two psychologists who examined her made differing diagnoses and a third psychologist opined that she is not mentally ill. We reject that contention. Two of the psychologists were in agreement that respondent is afflicted with a mental disease or condition to such an extent that, if the children were returned to her they would be in danger of becoming neglected children (*see* Social Services Law § 384-b [6] [a]), and thus it is of no moment that they disagreed regarding the exact nature of that mental disease or condition. The "testimony and the accompanying records [are] sufficient to establish the 'totality' of respondent's mental illness by clear and convincing evidence" (*Shane PP.*, 283 AD2d at 727; *see Matter of Dylan K.*, 269 AD2d 826, 827, *lv denied* 95 NY2d 766; *Matter of Melissa R.*, 209 AD2d 155, 155-156, *lv denied* 85 NY2d 803). Furthermore, the opinion of the third psychologist merely raised a question of credibility for the court to determine (*see Matter of Davis v Davis*, 240 AD2d 928, 930; *see also Matter of Karen Y.*, 156 AD2d 823, 826, *lv denied* 75 NY2d 710).

Respondent's further contention that the court erred in failing to conduct a separate dispositional hearing is not preserved for our review and, in any event, lacks merit (*see Matter of Paul W.R.M.*, 291 AD2d 919, 920; *Matter of Robert XX.*, 290 AD2d 753, 755). We also reject the contention of respondent that she was denied effective assistance of counsel (*see Matter of Claudina Paradise Damaris B.*, 227 AD2d 135). Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.