In the Matter of CONSTANCE P., Respondent, v AVRAAM G., Also Known as AVRAM G., Appellant. [813 NYS2d 463]—

In a paternity proceeding pursuant to Family Court Act article 5, the appeal is from an order of filiation of the Family Court, Queens County (Lubrow, J.), dated August 18, 2004, which, after a hearing and upon an order of the same court dated August 13, 2004, inter alia, denying that branch of the motion of the estate of Avraam G., also known as Avram G., which was to dismiss the petition for lack of personal jurisdiction, in effect, granted the petition and adjudicated the decedent to be the father of the child.

Ordered that the order is affirmed, with costs.

The putative father died before the commencement of this paternity proceeding, while a resident of Greece. The petition was personally served upon the decedent's father, brother, and mother in Greece. The decedent's relatives, as the personal representatives of the decedent's estate, moved to dismiss the proceeding arguing, inter alia, that Family Court Act § 580-201 does not provide for the exercise of long-arm jurisdiction in a paternity proceeding over the personal representatives of the estate of the putative father. After that motion was denied, the decedent's personal representatives defaulted at the hearing, and an order of filiation was entered.

Initially, we reject the mother's contention that this appeal should be dismissed on the ground that no appeal lies from an order entered on default. "[A]n appeal lies from a judgment entered upon the default of the appealing party but review is limited to matters which were the subject of contest below" (*Brown v Data Communications*, 236 AD2d 499 [1997]; *see James v Powell*, 19 NY2d 249, 256 n 3 [1967]). Since the issue of whether the Family Court had personal jurisdiction over the personal representatives of the decedent's estate was the subject of contest before the Family Court, that issue is subject to review on appeal.

On the merits, we find that the Family Court properly determined that personal jurisdiction was acquired over the personal representatives of the decedent's estate pursuant to Family Court Act § 580-201 (6). Because that statute provides a basis for obtaining personal jurisdiction over the decedent, it must provide a basis for obtaining personal jurisdiction over the real parties-in-interest in a paternity proceeding against a decedent, the personal representatives of the decedent's estate (*cf. Rosenfeld v Hotel Corp. of Am.*, 20 NY2d 25 [1967]). Although the statute does not specifically recite that it applies to the personal representatives of deceased nonresidents, we conclude that the Family Court has jurisdiction over such respondents in paternity proceedings, especially in light of Family Court Act § 519, which expressly provides that the right to commence a paternity proceeding does not abate upon the death of the putative father. Miller, J.P., Adams, Luciano and Rivera, JJ., concur.