■ In the Matter of AMANDA ANN B., Also Known as AMANDA B., an Infant. NEW YORK FOUNDLING HOSPITAL, Respondent; GAIL ANN M., Appellant, et al., Respondents. (Proceeding No. 1.) In the Matter of GEORGE HENRY B., Also Known as GEORGE B., an Infant. NEW YORK FOUNDLING HOSPITAL, Respondent; GAIL ANN M., Appellant, et al., Respondents. (Proceeding No. 2.) [832 NYS2d 59]—

In two related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate parental rights on the grounds of mental illness and mental retardation, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Richardson, J.), dated January 9, 2006, which, after a fact-finding hearing, found that she is unable to provide proper and adequate care for the subject children by reason of her mental illness and mental retardation, terminated her parental rights, and transferred guardianship and custody of the subject children jointly to the petitioner New York Foundling Hospital and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order of factfinding and disposition is affirmed, without costs or disbursements.

Contrary to the mother's contention, the Family Court properly found that there was clear and convincing evidence that she is presently and for the foreseeable future unable, by

reason of mental illness and mental retardation, to provide proper and adequate care for the subject children (*see* Social Services Law § 384-b [4] [c]; *Matter of Andrew U.*, 22 AD3d 926 [2005]; *Matter of Karyn Katrina D.*, 19 AD3d 592, 592-593 [2005]). The Family Court's determination should not be disturbed unless clearly unsupported by the record (*see Matter of Imelda R.*, 32 AD3d 519 [2006]).

Two Family Court Mental Health Services psychologists interviewed the mother, reviewed records pertaining to her history of mental illness and retardation, and reviewed records of a prior neglect proceeding in which the subject children were removed from her care and placed in foster care. One evaluated her for mental retardation, and one for mental illness. Both found that, by reason of her mental disabilities, if the children were returned to her they would be at risk of being neglected in the present and for the foreseeable future.

A third psychologist testified for the mother, and opined that she was not mentally ill or mentally retarded, and that she could, in the future, adequately parent her children.

Contrary to the mother's contention, the Family Court properly credited the opinions of the two Mental Health Services psychologists over that of the mother's expert (*see Matter of Damion S.*, 300 AD2d 1039 [2002]; *Matter of Kimberly J.*, 216 AD2d 940 [1995]). As a trier of fact, the Family Court's determination regarding the credibility of the witnesses is entitled to great weight on appeal (*see Matter of Ford v Pitts*, 30 AD3d 419, 420 [2006]).

Further, the Family Court did not err in drawing the "strongest possible negative inference" against the mother that the record would allow for her failure to testify (*see Matter of Commissioner of Social Servs. v Philip De G.*, 59 NY2d 137, 141 [1983]; *Matter of Damion S., supra* at 1040, quoting *Matter of Shawna U.*, 277 AD2d 731, 733 [2000]). Mastro, J.P., Fisher, Angiolillo and McCarthy, JJ., concur.