██ In the Matter of CHARITY A., and Another, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MELANIE M., Appellant, et al., Respondent. [832 NYS2d 736]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered June 26, 2006 in a proceeding pursuant to Social Services Law § 384-b. The order, insofar as appealed from, terminated the parental rights of respondent Melanie M.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly terminated the rights of respondent mother (respondent). Respondent contends that remittal is required because the court terminated her parental rights along with those of respondent father based on "their" mental illness and failed to make individual findings with respect to her. We conclude, however, that any failure of the court to set forth individual findings with respect to respondent "does not require remittitur because the record is sufficient for this [C]ourt to make its own findings" (*Matter of Jennifer D.*, 172 AD2d 1023, 1023 [1991]; *see Matter of Leon G.*, 7 AD3d 524, 525 [2004]). Here, petitioner met its burden of establishing "by clear and convincing evidence that respondent, by reason of mental illness, is presently and for the foreseeable future unable to provide proper and adequate care for her children" (*Matter of Jarred R.*, 236 AD2d 888, 889 [1997]; *see Matter of Charles Emanuel M.*, 293 AD2d 477 [2002]; *Matter of Anthony C.*, 280 AD2d 1000, 1001 [2001]). The court-appointed psychologist testified that respondent suffers from severe anxiety and disabling depression, as well as a personality disorder not otherwise specified, and that respondent is mentally ill. The psychologist based her conclusions on respondent's reported history and test results, together with the psychologist's clinical observations of respondent, both alone and with her children. The psychologist further testified that the children would be in danger of neglect and possible abuse for the foreseeable future if they were returned to respondent. The only witness presented by respondent was her counselor, who testified that respondent had made "dramatic progress" in counseling, but the counselor conceded

that respondent could not properly parent the two-year-old child as of the time of the hearing on the petition. We note in addition that the conclusion of the counselor that respondent was able to care for her other child was not based on the counselor's observation of respondent with her children but, rather, was based only on respondent's statement to the counselor to that effect. Present—Gorski, J.P., Centra, Lunn, Peradotto and Pine, JJ.