■ In the Matter of SANAIA L., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; COREY W., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of NAHLA W., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; COREY W., Appellant, et al., Respondent. (Proceeding No. 2.) [903 NYS2d 916]—In two related child neglect proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Kings County (Danoff, J.), dated May 14, 2009, which, upon a fact-finding order of the same court dated April 14, 2009, made after a hearing, finding that he had neglected the subject children, released the children to his custody under the supervision of the Administration for Children's Services for a period of 12 months. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the appeal from so much of the order of disposition as fixed the period during which the Administration for Children's Services was to supervise the father's custody of the subject children is dismissed as academic, as that period of time has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the father's contention, the Family Court's finding of neglect is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Nicholson v Scoppetta,* 3 NY3d 357, 369 [2004]; *Matter of Carlena B.,* 61 AD3d 752 [2009]; *Matter of Carlos M.,* 293 AD2d 617 [2002]; *Matter of Deandre T.,* 253 AD2d 497 [1998]). The hearsay admitted into evidence at the fact-finding hearing was allowable pursuant to specific statutory provisions (*see* Family Ct Act § 1046 [a] [iv], [v]; *Matter of Imani B.,* 27 AD3d 645, 646 [2006]). That evidence, together with a negative inference drawn from the father's failure to testify, was sufficient to support the Family Court's finding of neglect (*see Matter of Amanda Ann B.,* 38 AD3d 537 [2007]). Further, the Family Court providently exercise its discretion in denying the application made by the father's attorney for an

adjournment of the fact-finding hearing, based upon the vague and unsubstantiated claim that the father could not appear due to an emergency (*see Matter of Holmes v Glover*, 68 AD3d 868 [2009]; *Tun v Aw*, 10 AD3d 651 [2004]; *Matter of Kagno v Kagno*, 296 AD2d 410 [2002]). Prudenti, P.J., Rivera, Santucci and Miller, JJ., concur.