*938 In a proceeding pursuant to Family Court Act article 6 and Social Services Law § 384-b to terminate the mother’s parental rights on the ground of permanent neglect, the mother appeals from (1) a fact-finding order of the Family Court, Suffolk County (Freundlich, J.), dated December 14, 2012, which, after a fact-finding hearing, found that she permanently neglected the subject child, and (2) an order of disposition of the same court, also dated December 14, 2012, which, after a dispositional hearing, terminated her parental rights and committed the guardianship and custody of the child to the petitioner and the child’s foster parent for the purpose of adoption.
Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
Ordered that the order of disposition is affirmed, without costs or disbursements.
The Family Court properly found that the petitioner established by clear and convincing evidence that the mother permanently neglected the subject child (see Social Services Law § 384-b [7] [a]). The petitioner presented evidence that it made diligent efforts to encourage and strengthen the parental relationship by, inter alia, providing the mother with multiple referrals for substance abuse and mental health clinics, providing her with the means to travel to the clinics, and consistently attempting to maintain phone and letter correspondence with her (see Matter of Mahaadai D.H. [Rhonda L.H.], 110 AD3d 878 [2013]; Matter of Kevin L. [Jose L.L.], 102 AD3d 695 [2013]; Matter of Carmine A.B. [Nicole B.], 101 AD3d 711 [2012]; Matter of Damian D.T.B., 294 AD2d 359 [2002]). Despite these efforts, the mother failed to plan for the child’s future by not completing any of the substance abuse and psychotherapy programs to which she was referred, testing positive for illegal drugs on one occasion, and not obtaining suitable housing for herself and the child (see Matter of Carimine A.B. [Nicole B.], 101 AD3d 711 [2012]; Matter of Peter C., Jr. [Peter C.], 88 AD3d 702 [2011]).
Further, the Family Court did not err in drawing the “strongest possible negative inference” against the mother that the record would allow for her failure to testify at the fact-finding hearing (see Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141 [1983]; Matter of Amanda Ann B., 38 AD3d 537 [2007]).
Moreover, the Family Court properly determined that *939 termination of the mother’s parental rights, rather than the entry of a suspended judgment, was in the child’s best interests (see Family Ct Act § 631; Matter of Precious D.A. [Tasha A.], 110 AD3d 789 [2013]; Matter of Walter D.H. [Zaire L.], 91 AD3d 950 [2012]; Matter of Anthony R. [Juliann A.], 90 AD3d 1055 [2011]).
The mother’s remaining contention is unpreserved for appellate review and, in any event, without merit. Mastro, J.E, Roman, Miller and Hinds-Radix, JJ., concur.