In a child protective proceeding pursuant to Family Court Act *958 article 10, the mother appeals from (1) a fact-finding order of the Family Court, Kings County (Danoff, J.), dated April 20, 2012, which, after a hearing, found that she derivatively abused the subject child, and (2) an order of disposition of the same court dated July 3, 2012, which, upon the fact-finding order, placed the subject child in the custody of the Commissioner of Social Services of the City of New York.
Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
Ordered that the order of disposition is affirmed, without costs or disbursements.
Family Court Act § 1046 (a) (i) provides that “proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child.” Under the circumstances of this case, the mother’s prior abuse of the subject child’s older sibling demonstrated a flawed understanding of a parent’s duties and showed impaired parental judgment sufficient to support the finding of derivative abuse of the subject child (see Family Ct Act §§ 1012 [e] [i], [ii]; 1046 [b] [i]; Matter of Monique M. [Georgette S.], 110 AD3d 814, 815 [2013]). The Family Court’s assessment of witnesses’ credibility is accorded deference and will not be disturbed unless clearly unsupported by the record (see Matter of David T.-C. [Denise C.], 110 AD3d 1084, 1085 [2013]). Contrary to the mother’s contention, the Family Court properly credited the opinions of the petitioner’s psychiatrist over that of the mother’s expert (see Matter of Amanda Ann B., 38 AD3d 537 [2007]; Matter of Damion S., 300 AD2d 1039 [2002]).
The mother’s remaining contentions are without merit. Rivera, J.E, Leventhal, Austin and Roman, JJ., concur.