In a child neglect proceeding pursuant to Family Court Act article 10, the father appeals (1) from an order of the Family Court, Westchester County (Malone, J.), entered December 7, 2012, which denied his motion to vacate a fact-finding order of the same court dated August 7, 2012, made upon his default in appearing on an adjourned date of the fact-finding hearing, finding that he neglected the subject child, and (2), as limited by his brief, from so much of an order of disposition of the same court, also entered December 7, 2012, as, upon the fact-finding order, adjudged him to have neglected the subject child.
Ordered that the order entered December 7, 2012, is affirmed, without costs or disbursements; and it is further,
Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
“The court may adjourn a fact-finding hearing . . . for good cause shown ... on motion of . . . the parent or other person legally responsible for the care of the child” (Family Ct Act § 1048 [a]). Here, in light of the failure of the father’s attorney to offer any explanation for the father’s absence, other than vague and unsubstantiated speculation, the Family Court providently exercised its discretion in denying the application for an adjournment of the fact-finding hearing (see Matter of Angie N.W. [Melvin A.W.], 107 AD3d 907, 908-909 [2013]; Matter *958 of Kinara C. [Jerome C.], 89 AD3d 839, 841 [2011]; Matter of Sanaia L. [Corey W.], 75 AD3d 554, 554-555 [2010]).
Likewise, the Family Court providently exercised its discretion in denying the father’s motion to vacate the order of fact-finding dated August 7, 2012, which was made upon his default in appearing on October 12, 2011. While the Family Court’s finding of willful refusal to appear at the hearing is not supported by the record (see Matter of Mark W. [Juanita W.], 107 AD3d 816, 817 [2013]; Matter of Tahanie S. [Ramon A.], 97 AD3d 751 [2012]), the record is clear that the father lacked a potentially meritorious defense. The father had not denied the facts elicited at the hearing, including his failure to contact the police when the then 15-year-old child ran away in February of 2010. Moreover, he did not deny that he had made a statement to the caseworker that, while he had previously filed petitions with the Probation Department seeking adjudication of the child as a person in need of supervision (hereinafter PINS), this time he was “tired” and did not wish to contact Protective Services, which would have become involved upon the filing of a PINS petition. This was sufficient to establish, by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), that the child’s physical, mental, and emotional condition was impaired, or was in danger of being further impaired, as a consequence of her father’s failure “to exercise a minimum degree of care in providing the child with proper supervision [and] guardianship” (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act § 1012 [f]).
Dillon, J.P, Balkin, Miller and Maltese, JJ., concur.