■ In the Matter of Ca'leb R.D. SCO Family of Services et al., Respondents; Mary D.S., Appellant. [994 NYS2d 395]—

In a proceeding pursuant to Social Services Law § 384-b to

terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Gruebel, J.), dated September 4, 2012, which, after inquests following her default in appearing at fact-finding and dispositional hearings, and upon the denial of her requests for adjournments, found that she permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the child jointly to the Commissioner of Social Services of the City of New York and the SCO Family of Services for the purpose of adoption.

Ordered that the appeal from the order of fact-finding and disposition is dismissed, without costs or disbursements, except insofar as it brings up for review the denial of the mother's requests for adjournments (*see* CPLR 5511; *Katz v Katz*, 68 AD2d 536 [1979]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

Where, as here, an order is made upon the appellant's default, "review is limited to matters which were the subject of contest below" (*Matter of Constance P. v Avraam G.*, 27 AD3d 754, 755 [2006] [internal quotation marks omitted]; *see James v Powell*, 19 NY2d 249, 256 n 3 [1967]; *Matter of Angie N.W. [Melvin A.W.]*, 107 AD3d 907 [2013]; *Brown v Data Communications*, 236 AD2d 499 [1997]). Accordingly, in this case, review is limited to the denial of the mother's requests for adjournments, which were made by her attorney prior to the fact-finding and dispositional hearings (*see Matter of Angie N.W. [Melvin A.W.]*, 107 AD3d 907 [2013]; *Matter of Tripp*, 101 AD3d 1137 [2012]; *Matter of Paulino v Camacho*, 36 AD3d 821 [2007]).

"The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (*Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *see Matter of Angie N.W. [Melvin A.W.]*, 107 AD3d 907 [2013]). "In making such a determination, the court must undertake a balanced consideration of all relevant factors" (*Matter of Sicurella v Embro*, 31 AD3d 651, 651 [2006]; *see Matter of Tripp*, 101 AD3d 1137 [2012]). Here, in light of, inter alia, the mother's history of missing court dates, the length of the pendency of the proceeding, and the merit of the proceeding, the Family Court providently exercised its discretion in denying the mother's requests for adjournments (*see Matter of Tripp*, 101 AD3d at 1138-1139; *Matter of Willie Ray B. [Deanna W.B.]*, 77 AD3d 657 [2010]; *Matter of Sanaia L. [Corey W.]*, 75 AD3d 554 [2010]; *Matter of Dakota B. [Brigitta B.]*, 73 AD3d 763 [2010]; *Matter of Amber Megan D.*,

54 AD3d 338 [2008]). Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.