■ In the Matter of MAURICE MUNOZ, Respondent, v DINA EDMONDS-MUNOZ, Appellant. [999 NYS2d 518]—

Appeal from an order of the Family Court, Queens County (Dennis Lebwohl, J.), dated October 18, 2013. The order, inter alia, granted so much of the father's petition as was for sole custody of the child Ivana M.

Ordered that the appeal from so much of the order as granted the father's petition for sole custody of the child Ivana M. is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The parties are the parents of two children. In a judgment of divorce dated August 13, 2002, the mother was awarded custody of both children. On or about June 8, 2012, the father petitioned for, inter alia, sole custody of the child Ivana M. Before a hearing was held on the father's petition, the Family Court issued several orders granting temporary custody of Ivana M. to the father, and visitation to the mother.

The mother failed to appear for the hearing on the father's petition and did not move to vacate her default. Where an order is made upon the appellant's default and no motion is made to vacate the default, " 'review is limited to matters which were the subject of contest below' " (*Matter of Ca'leb R.D. [Mary D.S.]*, 121 AD3d 890, 891 [2014], quoting *Matter of Constance P. v Avraam G.*, 27 AD3d 754, 755 [2006]; *see James v Powell*, 19 NY2d 249, 256 [1967]; *Matter of Angie N.W. [Melvin A.W.]*, 107 AD3d 907 [2013]). Consequently, the mother may not appeal from the merits of the custody determination (*see* CPLR 5511; *Matter of Li Wong v Fen Liu*, 121 AD3d 692 [2014]; *Matter of Aidiles Noelia A.*, 48 AD3d 676 [2008]).

This Court may review the mother's contention that the Family Court erred in its pre-hearing denial of her request for new assigned counsel (*see Matter of Ca'leb R.D. [Mary D.S.]*, 121 AD3d 890 [2014]; *Matter of Angie N.W. [Melvin A.W.]*, 107 AD3d 907, 908 [2013]; *Matter of Paulino v Camacho*, 36 AD3d 821, 822 [2007]). However, the Family Court did not improvidently exercise its discretion in denying the mother's request for new assigned counsel. This was her fifth such request. The Family Court had entertained, and granted, four previous requests to assign counsel to the mother. Nor did the court err in denying the mother's request to adjourn the hearing and appointing her former assigned attorney as stand-by counsel. While an indigent party has a right to assigned counsel in a Family Court custody proceeding, " 'this entitlement does not encompass the right to counsel of one's own choosing' " (*Matter of Wiley v Musabyemariya*, 118 AD3d 898, 900 [2014], quoting *People v Porto*, 16 NY3d 93, 99 [2010]; *see People v Sides*, 75 NY2d 822, 824 [1990]). An indigent party is entitled to new assigned counsel only upon a showing of good cause for a substitution (*see People v Sides*, 75 NY2d at 824; *Matter of Wiley v Musabyemariya*, 118 AD3d at 900). Under the circumstances presented here, the Family Court did not improvidently exercise its discretion in denying the mother's application for substitution of counsel or for an adjournment of the hearing (*see Matter of Wiley v Musabyemariya*, 118 AD3d at 900; *see also Matter of Moore v McClenos*, 259 AD2d 752, 753 [1999]).

The mother argues that the Family Court erred in failing to include in its custody order a provision for visitation. As a general rule, absent extraordinary circumstances, a noncustodial parent is entitled to reasonable visitation privileges (*see Matter of Zwillman v Kull*, 90 AD3d 774, 775 [2011]; *Pollack v Pollack*, 56 AD3d 637, 638-639 [2008]; *Cervera v Bressler*, 50 AD3d 837, 839 [2008]). However, since the mother failed to appear at the hearing, the issue of visitation is not properly before us (*see Matter of Ca'leb R.D. [Mary D.S.]*, 121 AD3d at 891). Balkin, J.P., Cohen, Duffy and LaSalle, JJ., concur.