Matter of Demetrious L. K. (James K.) (2018 NY Slip Op 00293)





Matter of Demetrious L. K. (James K.)


2018 NY Slip Op 00293


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-12140
2016-12147
 (Docket No. B-5474-16)

[*1]In the Matter of Demetrious L. K. (Anonymous). Suffolk County Department of Social Services, respondent; James K. (Anonymous), appellant.


Arza Feldman, Uniondale, NY, for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (Steven B. Nacht of counsel), for respondent.
Heather A. Fig, Bayport, NY, attorney for the child.



DECISION & ORDER
Appeals from two orders of fact-finding and disposition of the Family Court, Suffolk County (Caren Loguercio, J.), both dated September 8, 2016. The orders, after fact-finding and dispositional hearings, and upon the father's failure to appear at the hearings, found that the father permanently neglected the subject child, terminated his parental rights, and transferred custody and guardianship of the child to the petitioner for the purpose of adoption.
ORDERED that the appeals are dismissed, without costs or disbursements, except insofar as they bring up for review the denial of the father's requests for an adjournment (see CPLR 5511; Katz v Katz, 68 AD2d 536); and it is further,
ORDERED that the orders of fact-finding and disposition are affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced this proceeding to terminate the father's parental rights to the subject child. The father failed to appear at a fact-finding hearing, and his attorney's requests for an adjournment were denied. Following the fact-finding hearing and a dispositional hearing, at which the father also failed to appear, the Family Court found that the father permanently neglected the child, terminated his parental rights, and transferred custody and guardianship of the child to the petitioner for the purpose of adoption. The father appeals.
Where, as here, an order is made upon the appellant's default, "review is limited to matters which were the subject of contest below" (Matter of Constance P. v Avraam G., 27 AD3d 754, 755 [internal quotation marks omitted]; see James v Powell, 19 NY2d 249, 256 n 3; Matter of Ca'leb R.D. [Mary D.S.], 121 AD3d 890, 892; Matter of Angie N.W. [Melvin A.W.], 107 AD3d 907). Accordingly, here, review is limited to the denial of the father's requests for an adjournment, which were made by his attorney prior to and during the fact-finding hearing (see Matter of Angie N.W. [Melvin A.W.], 107 AD3d 907; Matter of Tripp, 101 AD3d 1137; Matter of Paulino v [*2]Camacho, 36 AD3d 821).
"The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (Matter of Anthony M., 63 NY2d 270, 283; see Matter of Angie N.W. [Melvin A.W.], 107 AD3d 907). "In making such a determination, the court must undertake a balanced consideration of all relevant factors" (Matter of Sicurella v Embro, 31 AD3d 651, 651; see Matter of Tripp, 101 AD3d 1137). Here, in light of, inter alia, the untimely requests for an adjournment, the lack of notice to the court and counsel, the lack of a reasonable explanation for the father's absences, and the merits of the proceeding, the Family Court providently exercised its discretion in denying the father's requests for an adjournment (see Matter of Ca'leb R.D. [Mary D.S.], 121 AD3d at 892; see Matter of Tripp, 101 AD3d at 1138-1139; Matter of Willie Ray B. [Deanna W.B.], 77 AD3d 657; Matter of Sanaia L. [Corey W.], 75 AD3d 554; Matter of Dakota B. [Brigitta B.], 73 AD3d 763; Matter of Amber Megan D., 54 AD3d 338). Moreover, under the circumstances of this case, the father was not deprived of due process (see Matter of Sean P.H. [Rosemarie H.], 122 AD3d 850, 850-851; Matter of Lillian D.L., 29 AD3d 583, 584).
DILLON, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court