Matter of William M.E. (Shaunette W.) (2022 NY Slip Op 02618)

Matter of William M.E. (Shaunette W.)

2022 NY Slip Op 02618

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Renwick, J.P., Kapnick, Mazzarelli, Shulman, Pitt, JJ. 

Docket No. B-23584/18 Appeal No. 15754 Case No. 2021-02163 

[*1]In the Matter of William M.E., a Child Under Eighteen Years of Age, etc., Shaunette W., Respondent-Appellant, Sheltering Arms Children and Family Services, Petitioner-Respondent.

Andrew J. Baer, New York, for appellant.
Dawn M. Shammas, Bronx, for respondent.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), attorney for the child.

Order, Family Court, Bronx County (Ashley B. Black, J.), entered on or about May 28, 2021, which, upon a fact-finding determination that respondent mother is unable to care for the subject child due to mental illness, terminated her parental rights and transferred guardianship of the child to petitioner agency for the purpose of adoption, unanimously affirmed, without costs.
Petitioner provided uncontroverted, clear and convincing medical evidence that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child (see Social Services Law § 384-b [4] [c]; Matter of Joyce T., 65 NY2d 39 [1985]; Matter of Rosie Shameka S.R. [Tulip S.R.], 102 AD3d 480, 481 [1st Dept 2013]). Petitioner submitted unrebutted expert testimony that the mother suffers from borderline personality disorder, major depressive disorder, and other specified trauma, and that the symptoms manifested by those mental illnesses caused impairment of parental functioning to the extent that the child would be at risk if returned to the mother's care (see Matter of Mar De Luz R. [Luz R.], 95 AD3d 423 [1st Dept 2012]). In addition, petitioner submitted a report from the testifying psychologist who had interviewed the mother, conducted psychological testing, reviewed her mental health records, and observed her interaction with the child, and concluded that she suffers from mental illnesses and poses an ongoing risk to the subject child (see Matter of Robert K., 56 AD3d 353, 353 [1st Dept 2008], lv denied 12 NY3d 704 [2009]). The mother testified on her own behalf, but offered "no countervailing psychiatric, psychological or medical evidence" (Matter of Joyce T., 65 NY2d at 46).
We have considered the mother's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022