Matter of Albert S. (Albert S.) (2025 NY Slip Op 02695)

Matter of Albert S. (Albert S.)

2025 NY Slip Op 02695

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

326 CAF 23-00309

[*1]IN THE MATTER OF ALBERT S. AND STACEY S. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ALBERT S., AND CHERYL Z., RESPONDENTS-APPELLANTS. 

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT ALBERT S.
JOSEPH T. JARZEMBEK, BUFFALO, FOR RESPONDENT-APPELLANT CHERYL Z.
AMY R. INZINA, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILDREN. 

 Appeals from an order of the Family Court, Erie County (Margaret O. Szczur, J.), dated January 30, 2023, in proceedings pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondents with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Social Services Law § 384-b, respondent father and respondent mother each appeal from an order of Family Court that terminated their parental rights with respect to the subject children on the ground of mental illness. We affirm.
To meet its burden on a petition seeking termination of parental rights on the ground of mental illness, the petitioner must establish by clear and convincing evidence that the parent is "presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care for a child who has been in the care of an authorized agency for the period of one year immediately prior to the date on which the petition is filed" (Social Services Law § 384-b [4] [c]; see § 384-b [3] [g] [i]; Matter of Nereida S., 57 NY2d 636, 640 [1982], rearg denied 57 NY2d 775 [1982]; Matter of Ashley L., 22 AD3d 915, 915-916 [3d Dept 2005]). For purposes of the statute, " 'mental illness' means an affliction with a mental disease or mental condition which is manifested by a disorder or disturbance in behavior, feeling, thinking or judgment to such an extent that if such child were placed in or returned to the custody of the parent, the child would be in danger of becoming a neglected child" (§ 384-b [6] [a]). "[O]nly the totality of the mental illness need be proven by clear and convincing evidence" (Matter of Dylan K., 269 AD2d 826, 827 [4th Dept 2000], lv denied 95 NY2d 766 [2000] [internal quotation marks omitted]). In any proceeding for termination of parental rights on the ground of mental illness, "the court is required to order the parent, alleged to be mentally ill, to be examined by a qualified psychiatrist or psychologist and shall take testimony from the appointed expert" (Matter of Rahsaan I. [Simone J.], 180 AD3d 1162, 1163 [3d Dept 2020]; see § 384-b [6] [e]; Matter of Hime Y., 52 NY2d 242, 247-248 [1981]). In sum, termination of parental rights on the ground of mental illness "requires a two-part determination at the fact-finding stage, first of the parent['s] condition and capacity, including consideration of measures on the part of the [s]tate to maintain the family setting, and second of the anticipated effect for the foreseeable future if the child is returned to the[ parent's] care" (Matter of Joyce T., 65 NY2d 39, 48 [1985]).
Here, contrary to respondents' contentions, we conclude that petitioner met its burden of establishing by clear and convincing evidence that both the mother and the father are presently [*2]and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the children, who had each been in the care of an authorized agency for over one year immediately prior to the filing of the respective petitions (see Social Services Law § 384-b [4] [c]).
Petitioner presented the testimony and two reports of a court-appointed psychologist who clinically observed respondents, both alone and with the children, and reviewed their history and test results. The court-appointed psychologist diagnosed the mother with depression accompanied by, among other things, a history of trauma, and further opined that the mother's resistence to taking her prescribed antidepressant medication was indicative of her lack of insight and motivation to address her condition (see Matter of Charity A., 38 AD3d 1276, 1276 [4th Dept 2007]; see also Matter of M.R.V. [B.V.], 224 AD3d 579, 580 [1st Dept 2024]; Matter of William M.E. [Shaunette W.], 204 AD3d 532, 532 [1st Dept 2022]). The court-appointed psychologist also opined that the father, who does not dispute on appeal that he suffers from mental illness, had a mixed personality disorder characterized by antisocial, narcissistic, and borderline traits and maladaptive behavior (see Matter of Steven M. [Scott M.], 221 AD3d 1518, 1518-1519 [4th Dept 2023], lv denied 41 NY3d 905 [2024]; Matter of Evelyn B., 37 AD3d 991, 992-993 [3d Dept 2007]; Matter of Dayjah Ann B., 13 AD3d 518, 519 [2d Dept 2004]). Additionally, petitioner presented the testimony of another psychologist who, after performing an independent evaluation at the request of counsel for respondents, agreed completely with the court-appointed psychologist and added that testing revealed that the mother also suffered from a personality disorder (see Charity A., 38 AD3d at 1276; see also Matter of Rosie Shameka S.R. [Tulip S.R.], 102 AD3d 480, 481 [1st Dept 2013]). Although the psychologists acknowledged that the mother's condition could theoretically improve with proper medication and therapy, "[t]he mere possibility that [her] condition, with proper treatment, could improve in the future is insufficient to vitiate [the court's determination]" (Matter of Steven M., 37 AD3d 1072, 1072 [4th Dept 2007] [internal quotation marks omitted]; see Matter of Joseph E.K. [Lithia K.], 122 AD3d 1373, 1373-1374 [4th Dept 2014]).
The record further establishes that the psychologists agreed that respondents, whether alone or together, were, by reason of their respective mental illnesses, "unable to parent the children effectively, and that the children would be in danger of being neglected if they were returned to [their] care at the present time or in the foreseeable future" (Matter of Jason B. [Phyllis B.], 160 AD3d 1433, 1434 [4th Dept 2018], lv denied 32 NY3d 902 [2018]; see M.R.V., 224 AD3d at 580; William M.E., 204 AD3d at 532; Charity A., 38 AD3d at 1276). Although respondents' psychological expert disputed that respondents suffered from mental illness, he further testified that he was not retained to offer an opinion whether respondents could properly and adequately care for the children. To the extent that the opinion of respondents' psychological expert conflicts with the opinions of the psychologists relied upon by petitioner, it "merely raised a question of credibility for the court to determine" (Matter of Damion S., 300 AD2d 1039, 1040 [4th Dept 2002]; see Matter of Meyah F. [Shelby L.], 203 AD3d 1558, 1559 [4th Dept 2022]). The court's "determination regarding the credibility of witnesses is entitled to great weight on appeal[ ] and will not be disturbed if supported by the record," and we perceive no basis here for disturbing the court's credibility determinations (Meyah F., 203 AD3d at 1559 [internal quotation marks omitted]; see Matter of Shahida M., 59 AD3d 976, 976 [4th Dept 2009], lv denied 12 NY3d 708 [2009]; Matter of Anthony M., 56 AD3d 1124, 1125 [4th Dept 2008], lv denied 12 NY3d 702 [2009]).
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court