Matter of Meilani M.
2026 NY Slip Op 04098
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF MEILANI M. ------------------------------------------------ ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; MAYA M., RESPONDENT-APPELLANT. (APPEAL NO. 1.)

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
453 CAF 25-00914
Present: Curran, J.P., Bannister, Montour, Greenwood, And Hannah, JJ.

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
ALICIA ARTIS, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILD.

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered January 13, 2025, in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject child.
[*1]
It is hereby ORDERED that said appeal is unanimously dismissed except insofar as respondent challenges the denial of her attorney's request for an adjournment and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother appeals in appeal Nos. 1 and 2 from orders of fact-finding and disposition that, inter alia, terminated her parental rights with respect to the subject children on the ground of permanent neglect. The orders were entered following a fact-finding hearing at which the mother failed to appear and in which her attorney, although present, elected not to participate (see Matter of Ramere D. [Biesha D.], 177 AD3d 1386, 1386 [4th Dept 2019], lv denied 35 NY3d 904 [2020]; Matter of Makia S. [Catherine S.], 134 AD3d 1445, 1445-1446 [4th Dept 2015]). Where, as here, the orders appealed from were made upon the mother's default, "review is limited to matters which were the subject of contest below" (Ramere D., 177 AD3d at 1386 [internal quotation marks omitted]). Thus, in both appeals, review is limited to Family Court's denial of the request of the mother's attorney for an adjournment (see id. at 1386-1387).
"Whether to grant or deny an adjournment rests within the trial court's sound discretion, and such requests should be granted only upon a showing of good cause" (Matter of John D., Jr. [John D.], 199 AD3d 1412, 1413 [4th Dept 2021], lv denied 38 NY3d 903 [2022] [internal quotation marks omitted]; see Matter of Jayden M. [Carlos M.], 237 AD3d 1560, 1563 [4th Dept 2025], lv denied 44 NY3d 902 [2025]). We reject the mother's contention that the court abused its discretion in denying the request for an adjournment inasmuch as counsel offered no good cause for the adjournment. Moreover, the mother had a history of failing to appear, and a significant amount of time had passed since the children were placed outside of the mother's care (see Matter of Tyrone O. [Lillian G.], 199 AD3d 1386, 1387 [4th Dept 2021], lv denied 38 NY3d 904 [2022]; Matter of Ca'leb R.D. [Mary D.S.], 121 AD3d 890, 891 [2d Dept 2014]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court