In the Matter of VANESSA M., Also Known as VANESSA S. ROBERT M., Appellant; LITTLE FLOWER CHILDREN'S SERVICES et al., Respondents. (Proceeding No. 1.) In the Matter of FEMALE S., Also Known as JENNIFER S. ROBERT M., Appellant; LITTLE FLOWER CHILDREN'S SERVICES et al., Respondents. (Proceeding No. 2.) In the Matter of ANDY M. ROBERT M., Appellant; LITTLE FLOWER CHILDREN'S SERVICES et al., Respondents. (Proceeding No. 3.) In the Matter of ROBERT M., JR. ROBERT M., Appellant; LITTLE FLOWER CHILDREN'S SERVICES et al., Respondents. (Proceeding No. 4.) In the Matter of JACK M., Also Known as JACK ANTHONY M. ROBERT M., Appellant; LITTLE FLOWER CHILDREN'S SERVICES et al., Respondents. (Proceeding No. 5.) [693 NYS2d 221] —In five proceedings to terminate parental rights pursuant to Social Services Law § 384-b, which were joined for trial, the father appeals from (1) five orders of the Family Court, Kings County (Pearce, J.) (one as to each child),

all dated June 19, 1996, which, after fact-finding and dispositional hearings, and upon his default in appearing at the dispositional hearing, *inter alia*, determined that his parental rights should be terminated, terminated his parental rights, and placed custody and guardianship of the subject children with the Commissioner of Social Services of the City of New York and Little Flower Children's Services to be freed for adoption, and (2) an order of the same court, dated October 16, 1996, which denied his motion to vacate the orders dated June 19, 1996.

Ordered that the appeals from so much of the orders dated June 19, 1996, as terminated the father's parental rights, upon his default in appearing at the dispositional hearing, are dismissed, without costs or disbursements; and it is further,

Ordered that the orders dated June 19, 1996, are affirmed insofar as reviewed; and it is further,

Ordered that the order dated October 16, 1996, is affirmed, without costs or disbursements.

In these proceedings the Family Court held separate fact-finding and dispositional hearings. At both hearings the appellant failed to appear. At the fact-finding hearing his attorney participated in the proceedings. However, at the dispositional hearing the appellant's attorney, although present, did not participate in the proceedings. Accordingly, the appellant may appeal from those portions of the orders dated June 19, 1996, which, after the fact-finding hearing, determined that he had permanently neglected the subject children (*see, Matter of Geraldine Rose W.*, 196 AD2d 313; *Matter of Angel R.*, 187 AD2d 433). However, since his attorney did not participate in the dispositional hearing those portions of the orders dated June 19, 1996, which terminated his parental rights and freed the children for adoption were entered upon his default and are not appealable (*see, Matter of Darryl P.,* 228 AD2d 176; *Matter of Geraldine Rose W., supra*).

Upon review of the Family Court's fact-finding determinations we conclude that it properly found that the appellant's parental rights should be terminated. We also find that the Family Court properly denied the appellant's motion to vacate his default in appearing at the dispositional hearing.

It is well settled that whether to relieve a party of an order entered on default is a matter left to the sound discretion of the court (*see, M.D. & Son Contr. v American Props.,* 179 AD2d 519; *Silveri v Laufer,* 179 AD2d 633). The party seeking to vacate a default must establish that there is a reasonable excuse for the default and that there exists a meritorious

defense (*Matter of Little Flower Children's Servs. [Sean Courtney G.] v Vernon J.,* 213 AD2d 548). In this case, the father failed to sustain his burden in this respect.

The father's remaining contentions are without merit. Thompson, J. P., Altman, Feuerstein and Schmidt, JJ., concur.