■ In the Matter of TYRELL M., a Child Alleged to be Neglected. LITTLE FLOWER CHILDREN'S SERVICES, Respondent; EMMA H., Also Known as EMMA LEE H., Also Known as EMMA L. H., Appellant. (Proceeding No. 1.) In the Matter of QUASHAWN M., a Child Alleged to be Neglected. LITTLE FLOWER CHILDREN'S SERVICES, Respondent; EMMA H., Also Known as EMMA LEE H., Also Known as EMMA L. H., Appellant. (Proceeding No. 2.) In the Matter of LA'QUAN H., a Child Alleged to be Neglected. LITTLE FLOWER CHILDREN'S SERVICES, Respondent; EMMA H., Also Known as EMMA LEE H., Also Known as EMMA L. H., Appellant. (Proceeding No. 3.) In the Matter of KEVIN H., a Child Alleged to be Neglected. LITTLE FLOWER CHILDREN'S SERVICES, Respondent; EMMA H., Also Known as EMMA LEE H., Also Known as EMMA L. H., Appellant. (Proceeding No. 4.) [724 NYS2d 874] —In four proceedings pursuant to Social Services Law § 384-b to adjudicate Tyrell M., Quashawn M., La'Quan

H., and Kevin H. respectively, permanently neglected children and terminate the mother's parental rights, the mother appeals from four orders of fact-finding and disposition (one paper as to each child) of the Family Court, Richmond County (Clark, J.), all dated September 29, 1999, which, *inter alia*, terminated her parental rights to her four children on the ground of permanent neglect.

Ordered that the orders are reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Richmond County, for further proceedings in accordance herewith.

On the morning of May 26, 1999, when the continued fact-finding hearing in this matter was scheduled, the mother contacted her attorney's office to say that she had a medical emergency. The attorney appeared at the fact-finding hearing, communicated this information to the court, and participated in the proceedings. The mother was, therefore, not in default (*see, Matter of Semonae YY.,* 239 AD2d 716). Furthermore, the Family Court erred in not allowing the mother to testify on her own behalf at the next court date, prior to finding that she had neglected her children. "A parent has a right to be heard on matters concerning her child and the parent's rights are not to be disregarded absent a convincing showing of waiver" (*Matter of Cleveland W.,* 256 AD2d 1151; *Matter of Dominique L. B.,* 231 AD2d 948; *Matter of Kendra M.,* 175 AD2d 657). The record fails to establish that the mother otherwise waived her right to be heard. We therefore reverse and remit the matter to the Family Court, Richmond County, for further proceedings consistent herewith. Santucci, J. P., Altman, Florio and Adams, JJ., concur.