■ In the Matter of "Baby Girl" E., Also Known as Baseem H. Commissioner of Administration for Children's Services of City of New York, Appellant; Deborah E., Respondent. [760 NYS2d 542] —In a child protective proceeding pursuant to Family Court Act article 10, the Commissioner of the Administration for Children's Services of the City of New York appeals from a fact-finding order of the Family Court, Kings County (Freeman, J.), dated April 16, 2002, which, after a fact-finding hearing, dismissed the petition.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petition is reinstated, a finding is made that the respondent mother neglected the subject child, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing.

The testimony at the hearing established, inter alia, that the

respondent mother lived in an abandoned building with no heat or electricity. Further, a caseworker for the Administration for Children's Services of the City of New York (hereinafter the ACS) identified the respondent mother as the woman who was with a newborn when the caseworker approached her in the street in the vicinity of the abandoned building. The evidence supports a finding of neglect against the respondent mother since she failed to supply the infant child with adequate shelter (*see* Family Ct Act § 1012 [f] [i] [A], [B]; *Matter of A. Children,* 189 AD2d 872 [1993]).

The Family Court erred in dismissing the petition on the ground that there was no competent evidence that the respondent mother gave birth to the child named in the petition since the petitioner failed to produce the child's birth certificate. The petitioner was not required to produce the child's birth certificate to establish that the respondent mother was in fact the mother of the child named in the petition. Rather, the petitioner was required to prove by a preponderance of the evidence that the subject child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care" (Family Ct Act § 1012 [f] [i]). The Family Court also erred in dismissing the petition on the ground that there was no evidence that the person identified by the ACS caseworker near the abandoned building was in fact the respondent mother. The respondent mother appeared in Family Court on two separate occasions and stated on the record that she was the child's mother. The respondent mother also stated the child's correct name on the record, and the Family Court amended the petition to reflect that correction. In addition, the testimony of the ACS caseworker established that the respondent mother was the person encountered by the caseworker in the street near the abandoned building. Further, the testimony of another ACS caseworker established that the respondent mother resided in the abandoned building. Accordingly, we reinstate the petition, make a finding that the respondent mother neglected the subject child, and remit the matter to the Family Court, Kings County, for a dispositional hearing. Smith, J.P., S. Miller, Crane and Cozier, JJ., concur.