■ In the Matter of CARMEN PAULINO, Appellant, v JOSE CAMACHO, Respondent. [828 NYS2d 496]—

In a support proceeding pursuant to Family Court Act article 4, the mother appeals from so much of an order of the Family Court, Kings County (Hepner, J.), dated September 12, 2005, as, after an inquest following her default in appearing at a hearing, and upon the denial of her request for an adjournment, conditioned her continued receipt of child support upon the father's visitation with the subject children for one month dur-

ing each summer beginning in 2007 and upon her contribution towards the cost of visitation.

Ordered that the appeal from the order is dismissed except insofar as it brings up for review the denial of the mother's request for an adjournment (see CPLR 5511; Katz v Katz, 68 AD2d 536 [1979]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Where, as here, the order appealed from was made upon the appellant's default, "review is limited to matters which were the subject of contest below" (Matter of Constance P. v Avraam G., 27 AD3d 754, 755 [2006] [internal quotations marks omitted]; see James v Powell, 19 NY2d 249, 256 n 3 [1967]; Brown v Data Communications, 236 AD2d 499, 499 [1997]). Accordingly, in this case, review is limited to the denial of the mother's request for an adjournment (see Tun v Aw, 10 AD3d 651, 652 [2004]; Brown v Data Communications, supra).

"The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (Matter of Anthony M., 63 NY2d 270, 283 [1984]; see Matter of Steven B., 6 NY3d 888, 889 [2006]; Matter of Sicurella v Embro, 31 AD3d 651, 651 [2006], lv denied 7 NY3d 717 [2006]). "In making such a determination, the court must undertake a balanced consideration of all relevant factors" (Matter of Sicurella v Embro, supra at 651). Here, because counsel for the mother failed to demonstrate the relevance of the evidence she sought to review during the proposed adjournment period, or that the need for an adjournment was not due to a lack of due diligence on her or her client's part (cf. Matter of Shepard, 286 AD2d 336, 337 [2001]; Romero v City of New York, 260 AD2d 461, 461 [1999]), the court providently exercised its discretion in denying the application.

Although the mother argues that she should have been permitted the opportunity to appear to testify, there is no indication in the record that an adjournment was requested for that purpose. Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.