■ In the Matter of AMBER MEGAN D., an Infant. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBIN D., Appellant. [862 NYS2d 568]—In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from (1) an order of fact-finding and disposition of the Family Court, Orange County (Kiedaisch, J.), dated March 5, 2007, which, after fact-finding and dispositional hearings, and upon her default in appearing at the dispositional hearing, granted the petition, terminated her parental rights, freed the child for adoption, and committed the guardianship and custody of the child to the Orange County Department of Social Services for the purpose of consenting to the child's adoption, and (2) an order of the same court dated October 22, 2007, which denied her motion to vacate her default.

Ordered that the appeal from so much of the order of fact-finding and disposition dated March 5, 2007, as terminated the mother's parental rights and freed the child for adoption, upon her default in appearing at the dispositional hearing, is dismissed, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition dated March 5, 2007, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated October 22, 2007, is affirmed, without costs or disbursements.

On February 5, 2007, the court held separate fact-finding and dispositional hearings. The mother failed to appear at either hearing. The mother's attorney appeared at both hearings but participated only in the fact-finding hearing. Accordingly, the mother may appeal from those portions of the March 5, 2007, order which, after a fact-finding hearing, determined that she had permanently neglected the child (*see Matter of Vanessa M.*, 263 AD2d 542, 543 [1999]; *Matter of Tyrell M.*, 283 AD2d 500, 501 [2001]). However, since the mother's attorney did not participate in the dispositional hearing, those portions of the order dated March 5, 2007, which terminated her parental rights and freed the child for adoption were entered upon her default and are not appealable (*see Matter of Joseph Kenneth B.*, 47 AD3d 809 [2008]; *Matter of Miguel M.-R.B.*, 36 AD3d 613, 613-614 [2007]; *Matter of Vanessa M.*, 263 AD2d 542 [1999]).

The Family Court properly found that the mother perma-

nently neglected the child (*see* Social Services Law § 384-b [7] [a], [f]; *Matter of Star Leslie W.,* 63 NY2d 136, 142 [1984]). Moreover, the court providently exercised its discretion in denying the mother's motion to vacate her default with respect to the dispositional portions of the order dated March 5, 2007. To be relieved of her default the mother was required to demonstrate a reasonable excuse for the default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Matter of Anna Coral DeL.,* 50 AD3d 792 [2008]; *Matter of Capri Alexis R.,* 48 AD3d 821, 821-822 [2008]). The mother failed to present a meritorious defense.

The mother's contention that the court erred in not adjourning the fact-finding hearing upon her failure to appear is without merit (*see Matter of Paulino v Camacho,* 36 AD3d 821, 822 [2007]).

The mother's contention that she was denied the effective assistance of counsel is without merit (*see Matter of Laura F.,* 48 AD3d 812 [2008]; *Matter of Crystal L.,* 36 AD3d 812 [2007]; *Matter of Shaheen P.J.,* 29 AD3d 996, 998 [2006]). Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.