■ In the Matter of PATRICIA C., an Infant. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RONALD C., Appellant, et al., Respondent. [881 NYS2d 260]—

Appeal from an order of the Family Court, Onondaga County (Martha E. Mulroy, J.), entered September 7, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order, insofar as appealed from, terminated the parental rights of respondent Ronald C.

It is hereby ordered that the order insofar as appealed from is

unanimously reversed on the law without costs and the petition against respondent Ronald C. is dismissed.

Memorandum: Respondent father appeals from an order terminating his parental rights with respect to his daughter pursuant to Social Services Law § 384-b (4) (d) on the ground of permanent neglect. We agree with the father that Family Court violated his right to due process by refusing to permit him to present evidence during the fact-finding phase of the proceeding after the father failed to make a timely appearance on the fourth day of the hearing. "A parent has a right to be heard on matters concerning [his or] her child and the parent's rights are not to be disregarded absent a convincing showing of waiver" (*Matter of Kendra M.*, 175 AD2d 657, 658 [1991]; *see Matter of Cleveland W.*, 256 AD2d 1151 [1998]). Here, there was no showing of waiver. The father appeared on the first three days of the hearing and communicated his intent to testify. On the fourth day of the hearing, the father's attorney notified the court that, according to the father's employer, the father believed that the hearing commenced at 10:00 A.M. rather than 9:00 A.M., and that he was en route to the hearing. In addition, the father's first witness was available to testify prior to the father's arrival. Under those circumstances, we conclude that the father's due process rights were violated when the court closed the fact-finding hearing and precluded the father from presenting evidence in opposition to the petition (*see Cleveland W.*, 256 AD2d at 1152).

We further agree with the father in any event that petitioner failed to establish that he permanently neglected his daughter. First, petitioner failed to meet its initial burden of establishing "by clear and convincing evidence that it . . . fulfilled its statutory duty to exercise diligent efforts to strengthen the parent-child relationship and to reunite the family" (*Matter of Sheila G.*, 61 NY2d 368, 373 [1984]; *see* Social Services Law § 384-b [7] [a]). In order to meet that burden, "[a]n agency must always determine the particular problems facing a parent with respect to the return of his or her child and make affirmative, repeated, and meaningful efforts to assist the parent in overcoming these handicaps" (*Sheila G.*, 61 NY2d at 385). "The agency should mold its diligent efforts to fit the individual circumstances so as to allow the parent to provide for the child's future" (*Matter of Austin A.*, 243 AD2d 895, 897 [1997] [internal quotation marks omitted]). Based upon the evidence presented by petitioner at the fact-finding hearing, we conclude that petitioner "failed to tailor its efforts to the needs of this particular parent and child" (*Matter of Maria Ann P.*, 296 AD2d 574, 575 [2002]).

Even assuming, arguendo, that petitioner met its burden with respect to diligent efforts, we agree with the father that petitioner failed to meet its further burden of establishing that he failed to maintain contact with his daughter or to plan for her future although physically and financially able to do so (see Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]). The record reflects that, despite substantial geographic, personal, and employment-related obstacles, the father made significant efforts to maintain contact with his daughter and to plan for her future. Indeed, the record establishes that the father completed parenting classes, was in treatment with a counselor for domestic violence and anger management issues, and attempted to maintain full-time employment throughout the period in question. In view of our determination, we need not address the father's remaining contentions. Present—Hurlbutt, J.P., Centra, Peradotto and Gorski, JJ.