■ In the Matter of WILLIE RAY B., JR. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEANNA W.B., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of SARAH JEAN B. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEANNA W.B., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of DAMIEN JOSEPH B. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEANNA W.B., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of DEVIN XAVIER B. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEANNA W.B., Appellant, et al., Respondent. (Proceeding No. 4.) [908 NYS2d 371]—In four related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of four orders of fact-finding and disposition (one as to each child) of the Family Court, Westchester County (Davidson, J.), each dated March 9, 2009, as, after a fact-finding inquest held upon her failure to appear at a fact-finding hearing, and after a dispositional hearing, found that she permanently neglected the subject children, terminated her parental rights, and transferred the guardianship and custody of the subject children to the Westchester County Department of Social Services for the purpose of consenting to their adoption.

Ordered that the appeal from so much of the orders as found that the mother permanently neglected the subject children is dismissed, without costs or disbursements, as no appeal lies from those portions of the orders which were entered upon the mother's default (*see Matter of Vanessa M.*, 263 AD2d 542 [1999]); and it is further,

Ordered that the orders are affirmed insofar as reviewed, without costs or disbursements.

Since the mother failed to appear at the fact-finding hearing and her attorney did not participate in it, so much of the orders

as found that the mother permanently neglected the subject children were entered upon default and, therefore, are not appealable (*see Matter of Amber Megan D.*, 54 AD3d 338 [2008]; *Matter of Jaiyeola-Akintunde J.*, 8 AD3d 281 [2004]; *Matter of Vanessa M.*, 263 AD2d at 543; *Matter of Geraldine Rose W.*, 196 AD2d 313, 316-319 [1994]).

The mother's contention that the Family Court erred in not adjourning the fact-finding hearing upon her failure to appear is without merit (*see Matter of Amber Megan D.*, 54 AD3d at 339; *Matter of Michael Dennis C.*, 121 AD2d 535, 535-536 [1986]).

Contrary to the mother's contention, the best interests of the children would be served by terminating her parental rights and freeing the children for adoption (*see Matter of Jordan F.*, 62 AD3d 698, 699 [2009]; *Matter of Jamaorqui R.B.*, 56 AD3d 465, 466 [2008]). Santucci, J.P., Balkin, Belen and Chambers, JJ., concur.