# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**603**
**CAF 10-00916**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF THOR C.
----------------------------------------
CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL                MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

CAROL C., RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR RESPONDENT-APPELLANT.

STEPHEN J. RILEY, OLEAN, FOR PETITIONER-RESPONDENT.

SCHAVON R. MORGAN, ATTORNEY FOR THE CHILD, MACHIAS, FOR THOR C.

---

Appeal from an order of the Family Court, Cattaraugus County
(Michael L. Nenno, J.), entered March 29, 2010 in a proceeding
pursuant to Family Court Act article 10.  The order, inter alia,
adjudged that respondent had neglected the subject child.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the matter is
remitted to Family Court, Cattaraugus County, for a new fact-finding
hearing on the issue of respondent's alleged neglect of her son.

Memorandum:  Respondent mother appeals from an order that, inter
alia, adjudged that she neglected her son.  We agree with the mother
that Family Court violated her right to due process by refusing to
permit her to testify during the fact-finding phase of the proceeding
(*see Matter of Patricia C.*, 63 AD3d 1710, 1711; *Matter of Barbara R.*,
66 AD2d 800).  "The right to be heard is fundamental to our system of
justice . . . [and p]arents have an equally fundamental interest in
the liberty, care and control of their children" (*Matter of Jung
[State Commn. on Jud. Conduct]*, 11 NY3d 365, 372-373).  The court's
order was based on, inter alia, a prior order in which it found that
the mother neglected her son's three siblings based in part on her
failure to take appropriate action with respect to those children when
she was informed that one of them had been sexually abused by their
father, and we affirmed that prior order (*Matter of Annastasia C.*, 78
AD3d 1579, *lv denied* ___ NY3d ___ [Mar. 31, 2011]).  The mother's son,
however, was not a subject of the proceeding resulting in that prior
order, and the mother therefore should have been afforded an
opportunity to be heard in response to the new evidence offered by
petitioner in the instant proceeding (*see Patricia C.*, 63 AD3d at

1711).