■ In the Matter of CARMINE A.B., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NICOLE B., Appellant. (Proceeding No. 1.) In the Matter of ANGEL G.B., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NICOLE B., Appellant. (Proceeding No. 2.) [955 NYS2d 190]—

Since the mother did not appear at the dispositional hearing, those portions of the order which terminated the mother's parental rights and freed the subject children for adoption were entered upon her default and are not appealable (*see Matter of Amber Megan D.*, 54 AD3d 338 [2008]; *Matter of Joseph Kenneth B.*, 47 AD3d 809 [2008]; *Matter of Jessica Dee D.*, 6 AD3d 435 [2004]). However, because the mother was present by telephone at the fact-finding hearing, she may appeal from those portions of the order which found that she permanently neglected the subject children (*see Matter of Amber Megan D.*, 54 AD3d 338 [2008]; *Matter of Vanessa M.*, 263 AD2d 542 [1999]).

To establish permanent neglect, there must be clear and convincing proof that, for a period of one year following the child's placement with an authorized agency, the parent failed to substantially and continuously maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]; *Matter of Walter D.H. [Zaire L.]*, 91 AD3d 950, 951 [2012]). "At a minimum, planning for the future of the child requires the parent to take steps to correct the conditions that led to the child's removal from the home" (*Matter of David O.C.*, 57 AD3d 775, 775-776 [2008]; *see Matter of Nathaniel T.*, 67 NY2d 838, 840 [1986]; *Matter of Leon RR*, 48 NY2d 117, 125 [1979]).

Here, the Suffolk County Department of Social Services established that it made diligent efforts to assist the mother in securing substance abuse counseling and planning for her children's future by providing multiple referrals to substance abuse and mental health clinics and consistently attempting to

maintain phone and letter correspondence with her both before and after her move to Arizona (*see Matter of Liam Francis P.*, 26 AD3d 385 [2006]). Nonetheless, the mother failed to complete any substance abuse or mental health programs and failed to comply with a court-ordered hair follicle drug test. Accordingly, the Family Court properly found that the mother's failure to address her substance abuse problem supported the finding of permanent neglect (*see Matter of David O.C.*, 57 AD3d 775 [2008]; *Matter of Jonathan P.*, 283 AD2d 675 [2001]). Skelos, J.P., Dickerson, Hall and Roman, JJ., concur.