In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals, as limited by his brief, from so much of four orders of fact-finding and disposition (one as to each child) of the Family Court, Richmond County (Lim, J.), all dated May 29, 2012, as, upon his default in appearing at fact-finding and dispositional hearings, found that he permanently neglected the subject children, terminated his parental rights, and transferred the custody and guardianship of the subject children to the Children’s Aid Society and the Commissioner of the Administration for Children’s Services of the City of New York for the purpose of adoption.
Motion by the petitioner-respondent Children’s Aid Society *908 on appeals from four orders of fact-finding and disposition of the Family Court, Kings County, all dated May 29, 2012, to dismiss the appeals on the ground that no appeal lies from an order entered upon the default of the appealing party. By decision and order on motion of this Court dated September 27, 2012, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is,
Ordered that the motion is granted except insofar as the appeals seek to review the denial of the father’s application for an adjournment of the fact-finding and dispositional hearings, and the motion is otherwise denied; and it is,
Ordered that the appeals from the orders of fact-finding and disposition are dismissed except insofar as they bring up for review the denial of the father’s application for an adjournment of the fact-finding and dispositional hearings (see CPLR 5511; see also Matter of Paulino v Camacho, 36 AD3d 821 [2007]; Katz v Katz, 68 AD2d 536 [1979]); and it is further,
Ordered that the orders of fact-finding and disposition are affirmed insofar as reviewed, without costs or disbursements.
Where, as here, the orders appealed from were made upon the appellant’s default, “review is limited to matters which were the subject of contest below” (Brown v Data Communications, 236 AD2d 499, 499 [1997]; see James v Powell, 19 NY2d 249, 256 n 3 [1967]; Matter of Constance P. v Avraam G., 27 AD3d 754, 755 [2006]). Accordingly, in this case, review is limited to the denial of the father’s application for an adjournment, which was made by his attorney prior to the fact-finding and dispositional hearings (see Matter of Paulino v Camacho, 36 AD3d 821, 822 [2007]; Tun v Aw, 10 AD3d 651, 651-652 [2004]; Brown v Data Communications, 236 AD2d at 499; see also Matter of Willie Ray B. [Deanna W.B.], 77 AD3d 657, 657-658 [2010]; Matter of Amber Megan D., 54 AD3d 338, 338-339 [2008]).
“The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court” (Matter of Anthony M., 63 NY2d 270, 283 [1984]; see Matter of Steven B., 6 NY3d 888, 889 [2006]; Matter of Paulino v Camacho, 36 AD3d at 822). “In making such a determination, the court must undertake a balanced consideration of all relevant factors” (Matter of Sicurella v Embro, 31 AD3d 651, 651 [2006]; see Matter of Paulino v Camacho, 36 AD3d at 822).
Here, in light of, inter alia, the failure of the father’s attorney *909 to offer any explanation for the father’s absence, the Family Court providently exercised its discretion in denying the application for an adjournment (see Matter of Kinara C. [Jerome C.], 89 AD3d 839, 841 [2011]; Matter of Willie Ray B. [Deanna W.B.], 77 AD3d at 658; Matter of Amber Megan D., 54 AD3d at 338; Matter of Paulino v Camacho, 36 AD3d at 822; Tun v Aw, 10 AD3d at 651-652; Brown v Data Communications, 236 AD2d at 499).
The father’s remaining contentions are not properly before this Court. Mastro, J.P., Rivera, Lott and Miller, JJ., concur.