■ In the Matter of LUCINDA A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LUBA A., Appellant. (Proceeding No. 1.) In the Matter of MANUEL A., Respondent, v LUBA A., Appellant. (Proceeding No. 2.) [990 NYS2d 627]—

In a child neglect proceeding pursuant to Family Court Act article 10 and a related custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals (1) from an order of disposition of the Family Court, Queens County (McGowan, J.), dated March 13, 2013, and entered in proceeding No. 1, which, upon an order of fact-finding dated December 14, 2012, made after a hearing, finding that she neglected the subject child, and upon her failure to appear at the dispositional hearing, released the subject child to the custody of the father, with supervised visitation to her, and (2), as limited by her brief, from so much of a final order of custody of the same court dated March 13, 2013, and entered in proceeding No. 2, as, upon her failure to appear at the hearing to determine the best interests of the child, awarded the father custody of the subject child.

Ordered on the Court's own motion, the notice of appeal dated April 10, 2013, is deemed to be a notice of appeal from the order of disposition and the final order of custody (*see* CPLR 5520 [c]), and it is further,

Ordered that the appeals are dismissed, without costs or disbursements, except insofar as they bring up for review the finding that the mother neglected the subject child and the denial of the mother's application for an adjournment of the combined dispositional hearing and hearing to determine the best interests of the child (*see Matter of Duane S., Jr. [Duane S.]*, 88 AD3d 727 [2011]); and it is further,

Ordered that the orders are affirmed insofar as reviewed, without costs or disbursements.

Where, as here, the orders appealed from were made upon the appellant's default, "review is limited to matters which were the subject of contest below" (*Brown v Data Communications*, 236 AD2d 499, 499 [1997]; *see James v Powell*, 19 NY2d 249, 256 n 3 [1967]; *Matter of Constance P. v Avraam G.*, 27 AD3d 754, 755 [2006]). Accordingly, on these appeals, review is limited to the finding that the mother neglected the subject child and the denial of the mother's application for an adjournment, which was made by her attorney (*see Matter of Paulino v Camacho*, 36 AD3d 821, 822 [2007]; *Tun v Aw*, 10 AD3d 651, 651-652 [2004]; *Brown v Data Communications*, 236 AD2d at 499; *see also Matter of Willie Ray B. [Deanna W.B.]*, 77 AD3d 657, 657-658 [2010]; *Matter of Amber Megan D.*, 54 AD3d 338, 338-339 [2008]).

"The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (*Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *see Matter of Steven B.*, 6 NY3d 888, 889 [2006]; *Matter of Paulino v Camacho*, 36 AD3d at 822). "In making such a determination, the court must undertake a balanced consideration of all relevant factors" (*Matter of Sicurella v Embro*, 31 AD3d 651, 651 [2006]; *see Matter of Paulino v Camacho*, 36 AD3d at 822).

Here, in light of the failure of the mother's attorney to offer any explanation for her absence at the combined dispositional hearing and hearing to determine the best interests of the child, the Family Court providently exercised its discretion in denying the application for an adjournment (*see Matter of Kinara C. [Jerome C.]*, 89 AD3d 839, 841 [2011]; *Matter of Willie Ray B. [Deanna W.B.]*, 77 AD3d at 658; *Matter of Amber Megan D.*, 54 AD3d at 338; *Matter of Paulino v Camacho*, 36 AD3d at 822; *Tun v Aw*, 10 AD3d at 651-652; *Brown v Data Communications*, 236 AD2d at 499).

The mother's challenge to the Family Court's denial of her motion to vacate her default is not properly before this Court because the mother did not appeal from the order denying that motion (*see* Family Ct Act § 1113; *Matter of Mark P. v Jamie Q.*, 64 AD3d 921 [2009]; *Matter of Sanders v Slater*, 53 AD3d 716 [2008]).

While the credible testimony before the Family Court did not support a finding that the mother neglected the child by failing to provide adequate shelter (*cf. Matter of Baby Girl E.*, 306 AD2d 343 [2003]; *Matter of Michael W.*, 123 AD2d 874 [1986]), the Family Court's findings that the mother subjected the child to emotional neglect (*see Matter of Regina HH. [Lenore HH.]*, 79 AD3d 1205 [2010]) and medical neglect (*see Matter of Deanna R.G. [Rajkumare B.]*, 83 AD3d 1064 [2011]), are supported by a preponderance of the credible evidence.

The mother failed to preserve for appellate review her challenge to the Family Court's active participation at the fact-finding hearing by failing to timely object to the court's conduct (*see Matter of Keaghn Y. [Heaven Z.],* 84 AD3d 1478 [2011]; *Matter of Borggreen v Borggreen,* 13 AD3d 756 [2004]). In any event, the court properly confined its participation at the fact-finding hearing to the clarification of confusing issues and testimony (*see Matter of Kyle FF.,* 85 AD3d 1463 [2011]; *see also People v Arnold,* 98 NY2d 63, 67 [2002]).

The mother's remaining contention is without merit. Skelos, J.P., Hall, Duffy and Barros, JJ., concur.