■ In the Matter of XIAO-LAN MA, Respondent, v ANTHONY VALANCE WASHINGTON, Appellant. [4 NYS3d 914]—Appeal from an order of the Family Court, Queens County (Dennis Lebwohl, J.), dated October 8, 2013. The order, after a default and after an inquest, granted the mother's petition for custody of the subject child, directed that the father's visitation with the child be supervised, and granted the mother's application for an award of an attorney's fee.

Ordered that the appeal is dismissed, without costs or disbursements, except insofar as it brings up for review the denial of the father's request for an adjournment (see CPLR 5511; Katz v Katz, 68 AD2d 536 [1979]); and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

Where, as here, an order is made upon the appellant's default, review is limited to "matters which were the subject of contest below" (James v Powell, 19 NY2d 249, 256 n 3 [1967]; see Matter of Angie N.W. [Melvin A.W.], 107 AD3d 907, 908 [2013]; Brown v Data Communications, 236 AD2d 499 [1997]). Accordingly, in this case, review is limited to the denial of the father's request for an adjournment at the conclusion of the first day of the custody hearing (see Matter of Angie N.W. [Melvin A.W.], 107 AD3d at 908; Matter of Tripp, 101 AD3d 1137, 1138 [2012]; Matter of Paulino v Camacho, 36 AD3d 821 [2007]).

Whether to grant a party's request for an adjournment is a matter resting within the sound discretion of the Family Court (see Matter of Steven B., 6 NY3d 888, 889 [2006]; Matter of Winfield v Gammons, 105 AD3d 753 [2013]). The court must consider all relevant factors in making the determination (see Matter of Tripp, 101 AD3d at 1138; Matter of Sicurella v Embro, 31 AD3d 651 [2006]). Here, in light of, inter alia, the father's history of missing court dates based on his unsubstantiated claims of impoverishment, the length of the pendency of the proceeding, and the merits of the proceeding, the Family Court providently exercised its discretion in denying his request for an adjournment (see Matter of Tripp, 101 AD3d at 1138-1139; Matter of Willie Ray B. [Deanna W.B.], 77 AD3d 657 [2010]; Matter of Sanaia L. [Corey W.], 75 AD3d 554 [2010]; Matter of Dakota B. [Brigitta B.], 73 AD3d 763 [2010]; Matter of Amber Megan D., 54 AD3d 338 [2008]). Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.