■ In the Matter of DUPREE J.P. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICHARD P., Appellant, et al., Respondent. [9 NYS3d 389]—

Appeal from an order of fact-finding and disposition of the Family Court, Westchester County (David Klein, J.), entered April 28, 2014. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, and upon the father's failure to appear at the fact-finding hearing, found that the father permanently neglected the subject child, terminated his parental rights, and transferred the guardianship and custody of the subject child to the Westchester County Department of Social Services for the purpose of adoption.

Ordered that the appeal from so much of the order of fact-finding and disposition as found that the father permanently neglected the subject child is dismissed, without costs or disbursements, as no appeal lies from that portion of the order which was entered on the father's default (see Matter of Vanessa M., 263 AD2d 542 [1999]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The father failed to appear at a fact-finding hearing, and his attorney did not participate at that hearing in his absence. Thus, the father defaulted at the fact-finding hearing, and he may not challenge on this appeal that portion of the order of fact-finding and disposition which found that he permanently neglected the subject child (*see Matter of Willie Ray B. [Deanna W.B.]*, 77 AD3d 657, 657-658 [2010]; *cf. Matter of Lucinda A. [Luba A.]*, 120 AD3d 492, 492-493 [2014]; *Matter of O'Leary v Frangomihalos*, 89 AD3d 948, 949 [2011]).

The Family Court properly found, by a preponderance of the evidence introduced at the dispositional hearing, that it would be in the child's best interest to terminate the father's parental rights and free the child for adoption by his foster parents. Contrary to the father's contention, the entry of a suspended judgment would not have been in the child's best interest. The father was not making progress in gaining insight into the issues that led to the finding of permanent neglect (*see Matter of Amber D.C. [Angelica C.]*, 79 AD3d 865, 866 [2010]), and the child had bonded with the foster parents and desired to remain with them (*see Matter of Kayla S.-G. [David G.]*, 125 AD3d 980, 981 [2015]). Accordingly, the Family Court properly terminated the father's parental rights and freed the child for adoption by his foster parents. Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.