Matter of Serenity C. W. (Antoinette W.) (2018 NY Slip Op 01074)





Matter of Serenity C. W. (Antoinette W.)


2018 NY Slip Op 01074


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2017-05335
 (Docket No. B-564-16)

[*1]In the Matter of Serenity C. W. (Anonymous). Westchester County Department of Social Services, respondent; Antoinette W. (Anonymous), appellant.


William Martin, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (James Castro-Blanco and Allison E. Burke of counsel), for respondent.
Karen M. Jansen, White Plains, NY, attorney for the child.



DECISION & ORDER
Appeal from an order of fact-finding and disposition of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated March 30, 2017. The order, after fact-finding and dispositional hearings, and upon the mother's failure to appear at the fact-finding hearing, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the subject child to the petitioner for the purpose of adoption.
ORDERED that the appeal from so much of the order of fact-finding and disposition as found that the mother permanently neglected the subject child is dismissed, without costs or disbursements, as no appeal lies from that portion of the order which was entered on the mother's default (see Matter of Vanessa M., 263 AD2d 542); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced this proceeding to terminate the mother's parental rights to the subject child. At a fact-finding hearing, the mother initially appeared with her assigned counsel and requested an adjournment. After the Family Court denied the adjournment request, but before the commencement of the fact-finding hearing, the mother voluntarily left the court room and refused to return. The court then proceeded with the hearing, and the mother's assigned counsel did not participate in her absence. Thus, the mother defaulted at the fact-finding hearing, and she may not challenge on this appeal that portion of the order of fact-finding and disposition which found that she permanently neglected the child (see Matter of Dupree J.P. [Richard P.], 128 AD3d 967; Matter of Willie Ray B. [Deanna W.B.], 77 AD3d 657, 657-658).
Contrary to the mother's contention, the Family Court providently exercised its discretion in denying her request for an adjournment of the fact-finding hearing in order to retain private counsel. "The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (Matter of Anthony M., 63 NY2d 270, 283; see Matter of Angie [*2]N.W. [Melvin A.W.], 107 AD3d 907). "In making such a determination, the court must undertake a balanced consideration of all relevant factors" (Matter of Sicurella v Embro, 31 AD3d 651, 651; see Matter of Tripp, 101 AD3d 1137). Here, the fact-finding hearing was scheduled well in advance, and the mother proffered no explanation as to her delay in retaining private counsel (see Matter of Cabral v Cabral, 61 AD3d 863, 863-864). Moreover, the court took into consideration the effect an adjournment would have on the child, who had been in foster care for the past four years, and whose right to permanency and stability would be unduly delayed.
The Family Court properly found, by a preponderance of the evidence introduced at the dispositional hearing, at which the mother appeared, that it was in the child's best interests to terminate the mother's parental rights and free the child for adoption by her foster parents (see Matter of Star Leslie W., 63 NY2d 136, 148).
DILLON, J.P., AUSTIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court