Matter of Jeremiah G.F. (Gideon F.) (2018 NY Slip Op 02464)





Matter of Jeremiah G.F. (Gideon F.)


2018 NY Slip Op 02464


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-10693
 (Docket No. B-33576-13)

[*1]In the Matter of Jeremiah G. F. (Anonymous). Edwin Gould Services for Children and Families, respondent; Gideon F. (Anonymous), appellant.


Rhea G. Friedman, New York, NY, for appellant.
John R. Eyerman, New York, NY, for respondent.
Ralph R. Carrieri, Mineola, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Margaret Morgan, J.), dated July 27, 2016. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, and upon the father's failure to appear at the hearings, found that the father abandoned the subject child, terminated his parental rights, and transferred guardianship and custody of the child to the Commissioner of the Administration for Children's Services of the City of New York and to the petitioner, Edwin Gould Services for Children and Families, for the purpose of adoption.
ORDERED that the appeal from so much of the order of fact-finding and disposition as found that the father abandoned the child, terminated his parental rights, and freed the child for adoption is dismissed, without costs or disbursements, as no appeal lies from those portions of the order which were entered on the father's default (see Matter of Vanessa M., 263 AD2d 542, 543); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
In December 2013, the petitioner commenced this proceeding to terminate the father's parental rights to the subject child on the ground of abandonment. On July 18, 2016, the father failed to appear in court for the hearing. The father's counsel, who appeared, asked to be relieved and requested an adjournment. He informed the court that the father wanted him to be relieved. The Family Court denied both applications and proceeded with the fact-finding and dispositional hearings. The father's counsel did not participate in the hearings in the father's absence. After the fact-finding and dispositional hearings, the Family Court found that the father abandoned the child, terminated his parental rights, and freed the child for adoption. The father appeals.
Because the father failed to appear at the fact-finding and dispositional hearings, and his counsel did not participate in the hearings, he may not challenge on this appeal those portions [*2]of the order of fact-finding and disposition which found that he abandoned the child, terminated his parental rights, and freed the child for adoption (see Matter of Serenity C. W. [Antoinette W.], 158 AD3d 716; Matter of Willie Ray B. [Deanna W.B.], 77 AD3d 657, 657-658; Matter of Jaiyeola-Akintunde J., 8 AD3d 281).
Contrary to the father's contention, the Family Court providently exercised its discretion in denying his counsel's request for an adjournment. "The granting of an adjournment rests in the sound discretion of the hearing court upon a balanced consideration of all relevant factors" (Matter of Sacks v Abraham, 114 AD3d 799, 800; see Matter of Angie N.W. [Melvin A.W.], 107 AD3d 907, 908; Matter of Sicurella v Embro, 31 AD3d 651, 651). Here, in light of the numerous prior adjournments and delays in this proceeding, as well as the father's prior refusal to appear, the Family Court providently exercised its discretion in denying the request for an adjournment (see Matter of Daniel K.L. [Shaquanna L.], 138 AD3d 743, 745; Matter of Sicurella v Embro, 31 AD3d at 651).
The Family Court also providently exercised its discretion in denying the request of the father's counsel to be relieved (see Matter of Blake T.L. [Robert L.], 141 AD3d 525, 526).
RIVERA, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court