Matter of Ramere D. (Biesha D.) (2019 NY Slip Op 08312)





Matter of Ramere D. (Biesha D.)


2019 NY Slip Op 08312


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1042 CAF 18-01344

[*1]IN THE MATTER OF RAMERE D. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; BIESHA D., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (JOSEPH MARZOCCHI OF COUNSEL), FOR PETITIONER-RESPONDENT.
COURTNEY S. RADICK, OSWEGO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered June 5, 2018 in a proceeding pursuant to Family Court Act article 10. The order, among other things, terminated the subject child's placement with petitioner. 
It is hereby ORDERED that said appeal is unanimously dismissed except insofar as respondent challenges the denial of her attorney's request for an adjournment, and the order is affirmed without costs.
Memorandum: In appeal No. 1, respondent mother appeals from an order that, inter alia, terminated the subject child's placement with the Onondaga County Department of Children and Family Services, the petitioner therein. In appeal No. 2, the mother appeals from an order that, inter alia, awarded sole legal and physical custody of the child to his paternal grandparents, the petitioners therein. Both orders were entered following a dispositional hearing at which the mother failed to appear and in which her attorney, although present, elected not to participate (see Matter of Makia S. [Catherine S.], 134 AD3d 1445, 1445-1446 [4th Dept 2015]; Matter of Shawn A. [Milisa C.B.], 85 AD3d 1598, 1598-1599 [4th Dept 2011], lv denied 17 NY3d 713 [2011]). Where, as here, the orders appealed from were made upon the mother's default, "review is limited to matters which were the subject of contest below" (Matter of Paulino v Camacho, 36 AD3d 821, 822 [2d Dept 2007] [internal quotation marks omitted]; see Matter of DiNunzio v Zylinski, 175 AD3d 1079, 1080 [4th Dept 2019]). Thus, in both appeals, review is limited to the denial of the request of the mother's attorney for an adjournment (see Paulino, 36 AD3d at 822). We reject the mother's contention that Family Court abused its discretion in denying that request inasmuch as the mother's attorney offered nothing beyond a "vague and unsubstantiated claim that the [mother] could not appear" (Matter of Sophia M.G.-K. [Tracy G.-K.], 84 AD3d 1746, 1747 [4th Dept 2011] [internal quotation marks omitted]; see Matter of Sanaia L. [Corey W.], 75 AD3d 554, 554-555 [2d Dept 2010]).
Finally, to the extent that the mother contends in these appeals that the court erred by imposing in its permanency orders concurrent and contradictory permanency goals, that contention is not properly before us inasmuch as the mother did not appeal from those orders (see Matter of Lakeya P. v Ajja M., 169 AD3d 1409, 1410 [4th Dept 2019], lv denied 33 NY3d 906 [2019]).
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court