Matter of Nova C. H. (Meredith H.) (2019 NY Slip Op 09266)





Matter of Nova C. H. (Meredith H.)


2019 NY Slip Op 09266


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-13882
 (Docket No. N-20356-17/18A-B)

[*1]In the Matter of Nova C. H. (Anonymous). Suffolk County Department of Social Services, respondent; Meredith H. (Anonymous), appellant.


Glenn Gucciardo, Northport, NY, for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (Gary L. Rosenthal of counsel), for respondent.
Susan A. DeNatale, Bayport, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Caren Loguercio, J.), dated June 27, 2018. The order of fact-finding and disposition, insofar as appealed from, upon a decision of the same court dated June 13, 2018, made after a fact-finding hearing, found that the mother neglected the subject child and released the child to the custody of the nonrespondent father. The notice of appeal from the decision is deemed to be a notice of appeal from the order of fact-finding and disposition (see CPLR 5512[a]).
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The mother and the nonrespondent father are the unmarried parents of the subject child, who was born in September 2014. Following the child's birth, the child resided with the mother until, pursuant to an order dated November 6, 2017, the child was temporarily removed from the mother's custody and placed with the nonparty father while allowing the mother supervised parental access with the child. Thereafter, in December 2017, the Suffolk County Department of Social Services (hereinafter DSS) filed a neglect petition against the mother. The petition was based on allegations that, in November 2017, the mother resided with the child at a property which had been condemned and that, on one occasion that month, she was observed sleeping, with the child, on the back porch of a friend's home. The petition also alleged that, on one occasion of supervised parental access with the child, the mother fled with the child to the condemned property. After a fact-finding hearing, by decision dated June 13, 2018, the Family Court found that the mother neglected the child. By order of fact-finding and disposition dated June 27, 2018, the court determined that the mother had neglected the child and released the child to the custody of the father. The mother appeals from so much of the order as determined that she neglected the child.
"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in [*2]imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Family Ct Act § 1012[f][i][B]). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868).
Here, contrary to the mother's contentions, DSS established, by a preponderance of the evidence, that she neglected the child by failing to provide the child with adequate shelter and supervision (see Matter of Rakim W., 10 AD3d 453, 454; Matter of Baby Girl E., 306 AD2d 343). The evidence demonstrated, inter alia, that the mother and the child lived in a condemned building, which did not have heat or electricity, after a notice to vacate by reason of "unsafe equipment" and "unlawful structure" was affixed by the Town of Brookhaven to the building's door on October 27, 2017 (see Code of the Town of Brookhaven §§ 73-3, 73-14). The evidence further demonstrated that during supervised parental access scheduled to occur at a pizza parlor, the mother brought the child back to her apartment in the condemned building, despite the fact that the notice to vacate was still in effect. The evidence also demonstrated that in November 2017, one of the mother's neighbors observed the mother, and the child clothed only in a onesie, asleep outside of that neighbor's home on the floor of the back porch, resting only on a comforter. Notably, that neighbor had previously offered for the mother and the child to stay in her home, an offer which the mother declined.
Accordingly, we agree with the Family Court's finding that the mother neglected the child.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court