Matter of Amira W.H. (Tamara T.H.) (2020 NY Slip Op 02264)





Matter of Amira W.H. (Tamara T.H.)


2020 NY Slip Op 02264


Decided on April 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
BETSY BARROS, JJ.


2018-10602
 (Docket No. B-689-16)

[*1]In the Matter of Amira W. H. (Anonymous). SCO Family of Services, petitioner-respondent; Tamara T. H. (Anonymous), appellant, et al., respondent.


Brooklyn Defender Services, Family Defense Practice, Brooklyn, NY (Amy Mulzer, Zainab Akbar, and Winston & Strawn, LLP [Marcelo M. Blackburn], of counsel), for appellant.
Carrieri & Carrieri, P.C., Mineola, NY (Ralph R. Carrieri of counsel), for petitioner-respondent.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Elizabeth Barnett, J.), dated July 31, 2018. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York and the petitioner for the purpose of adoption.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.
The mother failed to appear on June 20, 2018, when continued fact-finding on the permanent neglect petition was scheduled, and an adjournment was granted. When the mother failed to appear on the next hearing date, June 27, 2018, the mother's counsel stated that she would be participating in the proceeding on the mother's behalf and sought to admit into evidence certain documents. Contrary to the contention of the petitioner and the attorney for the child, the mother was, therefore, not in default with respect to the fact-finding hearing (see Matter of Hope K.W. [Aminta I.], 96 AD3d 864, 864-865; Matter of Amber Megan D., 54 AD3d 338, 338; Matter of Tyrell M., 283 AD2d 500, 501; Matter of Vanessa M., 263 AD2d 542, 543; Matter of Geraldine Rose W., 196 AD2d 313, 318).
The Family Court's refusal to permit the mother's counsel to admit into evidence the documentary evidence on behalf of the mother based upon the mother's failure to appear on June 27, 2018, violated the mother's right to due process. " A parent has a right to be heard on matters [*2]concerning her [or his] child and the parent's rights are not to be disregarded absent a convincing showing of waiver'" (Matter of Tyrell M., 283 AD2d at 501, quoting Matter of Cleveland W., 256 AD2d 1151, 1151 [internal quotation marks omitted]; see Matter of Patricia C., 63 AD3d 1710, 1711; Matter of Dominique L.B., 231 AD2d 948, 948). Here, there was no showing that the mother waived her right to be heard (see Matter of Patricia C., 63 AD3d at 1711; Matter of Tyrell M., 283 AD2d at 501; Matter of Dominique L.B., 231 AD2d at 948).
Accordingly, we reverse the order of fact-finding and disposition insofar as appealed from and remit the matter to the Family Court, Kings County, to allow the mother an opportunity to renew her application to admit into evidence the subject documents at a reopened fact-finding hearing, if she be so advised, and, if warranted, for new findings of fact with respect to the mother and a new disposition thereafter.
RIVERA, J.P., BALKIN, ROMAN, and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court