■ In the Matter of Robert M. P.-D., Jr. Suffolk County Department of Social Services, Respondent; Anna Marie P., Appellant. (Proceeding No. 1.) In the Matter of Anthony Joseph P.-D. Suffolk County Department of Social Services, Respondent; Anna Marie P., Appellant. (Proceeding No. 2.) [818 NYS2d 277]—

In related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate parental rights on the ground of mental illness, the mother appeals from an order of fact-finding and disposition (one paper) of the Family Court, Suffolk County (Spinner, J.), dated July 29, 2005, which, after a fact-finding hearing, found that she is unable to provide proper and adequate care for the subject children by reason of her mental illness, terminated her parental rights, and transferred guardianship and custody of the subject children to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the

matter is remitted to the Family Court, Suffolk County, for a new hearing and determination in accordance herewith; and it is further,

Ordered that pending the new hearing and determination, custody of the subject children shall remain with the maternal grandmother.

Social Services Law § 384-b (6) (e) provides that, in every termination of parental rights proceeding with a mental illness cause of action, "the judge shall order the parent to be examined by, and shall take the testimony of, a qualified psychiatrist or a psychologist." The statute "prohibits a determination of the legal sufficiency of the proof until such testimony has been taken by the Judge" (*Matter of Hime Y.,* 52 NY2d 242, 248 [1981], citing Social Services Law § 384-b [6] [c]).

In the instant case, the petitioner introduced the forensic reports of a qualified psychologist into evidence without objection, and rested its case based upon the forensic reports. The mother moved to dismiss the proceeding on the ground that the petitioner had failed to establish a prima facie case. Her application was denied. This was error.

Since Social Services Law § 384-b (6) (c) states that the legal sufficiency of the petitioner's proof cannot be addressed until the Family Court takes the testimony of a qualified psychologist or a psychiatrist (*see Matter of Hime Y., supra*), the Family Court should have directed that the psychologist appear in court so that testimony could be taken prior to ruling on the mother's application to dismiss. Accordingly, the mother is entitled to a new hearing and determination. Miller, J.P., Adams, Goldstein and Covello, JJ., concur.