■ In the Matter of SHONICA AHAILA S., Also known as SHONICA S. MERCYFIRST, Respondent; MARIE S., Appellant, et al., Respondent. In the Matter of KLOREL RUBEN-JAHI S., Also Known as KLOREL S. MERCYFIRST, Respondent; MARIE S., Appellant, et al., Respondent. In the Matter of KAMAL RAMAEL AKIN S., Also Known as KAMAL S. MERCYFIRST, Respondent; MARIE S., Appellant, et al., Respondent. [840 NYS2d 78]—

In three related proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of mental illness, the mother appeals, as limited by her brief, from so much of three orders of fact-finding and disposition (one as to each child), of the Family Court, Kings County (Danoff, J.), all dated November 7, 2005, as, after a fact-finding hearing, determined that she was unable to provide proper and adequate care for the subject children by reason of her mental

illness, terminated her parental rights and transferred custody and guardianship of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for purposes of adoption.

Ordered that orders are reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new hearing in accordance herewith and new determination thereafter.

Contrary to the petitioner's contention, the Family Court failed to comply with the procedure set forth in the statute for the taking of expert testimony by a psychiatrist or psychologist in a parental rights termination case. Social Services Law § 384-b (6) (e) provides that in every termination of parental rights proceeding with a mental illness cause of action, "the judge shall order the parent to be examined by, and shall take the testimony of, a qualified psychiatrist or a psychologist." In the present case, the psychology expert who testified to the mother's mental illness did not examine the mother, but based his testimony entirely upon examination of the agency and hospital records. Accordingly, the matter must be remitted to the Family Court, Kings County, for a new hearing in accordance herewith and a new determination thereafter. Crane, J.P., Goldstein, Covello and Dickerson, JJ., concur.