Matter of Rahsaan I. (Simone J.) (2020 NY Slip Op 01212)





Matter of Rahsaan I. (Simone J.)


2020 NY Slip Op 01212


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

526765

[*1]In the Matter of Rahsaan I., Alleged to be the Child of a Mentally Ill Parent. Schenectady County Department of Social Services, Respondent; Simone J., Appellant.

Calendar Date: November 19, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


Paul J. Connolly, Delmar, for appellant.
Schenectady County Department of Social Services, Schenectady (Samantha H. Miller-Herrera of counsel), for respondent.
Lawrence E. Becker, Albany, attorney for the child.



Lynch, J.
Appeal from an order of the Family Court of Schenectady County (Polk, J.), entered June 15, 2018, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be the child of a mentally ill parent, and terminated respondent's parental rights.
Respondent is the mother of a child (born in 2010), who has been in petitioner's custody since March 2016, when petitioner filed a neglect petition because respondent was in "a psychotic state." In August 2017, petitioner commenced this proceeding to terminate respondent's parental rights, alleging that respondent suffered a mental illness and that, as a result, she was presently and for the foreseeable future unable to provide proper and adequate care for the child. After a hearing, Family Court granted the petition and terminated respondent's parental rights. Respondent appeals.
"In order to terminate parental rights due to the mental illness of a parent, it must be shown by clear and convincing proof that the parent is presently and for the foreseeable future unable, by reason of that mental illness, to provide proper and adequate care for the child" (Matter of Duane II. [Andrew II.], 151 AD3d 1129, 1130 [2017] [internal quotation marks, brackets and citations omitted], lv denied 29 NY3d 918 [2017]). To meet this burden, a "petitioner must provide proof of the illness and present testimony from appropriate medical witnesses particularizing how the parent's mental illness affects his or her present and future ability to care for the child" (Matter of Jazmyne II. [Meagan JJ.], 151 AD3d 1123, 1125 [2017] [internal quotation marks and citations omitted]; see Social Services Law § 384-b [6] [e]; Matter of Karen GG. [Marline HH.], 72 AD3d 1156, 1158 [2010], lv denied 14 NY3d 713 [2010]).
Respondent maintains that petitioner's proof was insufficient to terminate her parental rights on the basis of mental illness in the absence of a contemporaneous psychological evaluation. We agree. Social Services Law § 384-b provides the governing procedures. Pursuant to Social Services Law § 384-b (6) (e), the court is required to order the parent, alleged to be mentally ill, to be examined by a qualified psychiatrist or psychologist and shall take testimony from the appointed expert (see Matter of Hime Y., 52 NY2d 242, 247-248 [1981]). Significantly, paragraph (c) of subdivision 6 prohibits a determination as to the legal sufficiency of the proof until such testimony is taken (see Matter of Hime Y., 52 NY2d at 248). An exception exists "[i]f the parent refuses to submit to such court-ordered examination, or if the parent renders himself [or herself] unavailable . . . by departing from the state or by concealing himself [or herself] therein" (Social Services Law § 384-b [6] [e]). In such instance, "the appointed psychologist or psychiatrist, upon the basis of other available information,
. . . may testify without an examination of such parent, provided that such other information affords a reasonable basis for his [or her] opinion" (Social Services Law § 384-b [6] [e]).
In August 2017, Family Court appointed David Horenstein, a forensic psychologist, to evaluate respondent pursuant to Social Services Law § 384-b (6) (e). Horenstein had previously evaluated respondent in March 2016 in the context of an emergency removal. Shortly after Horenstein's appointment in 2017, respondent was involuntarily admitted to the Capital District Psychiatric Center (hereinafter CDPC) and not released until the end of November 2017. At the February 14, 2018 fact-finding hearing, Horenstein testified that, although "there was a request made" for him to evaluate respondent at CDPC, it was denied. Horenstein clarified that he had no information that respondent was refusing to be evaluated, only that CDPC would not permit him to evaluate her at its facility. Instead, CDPC provided, and Horenstein reviewed, the entire record of respondent's hospitalization at CDPC through her discharge on November 30, 2017, consisting of some 500 pages. There is no indication that Horenstein attempted to evaluate respondent after her release from CDPC, and he was not provided with copies of her postrelease medical treatment records. Instead, Horenstein rendered an opinion based on his initial evaluation and review of CDPC medical records. He concluded that, due to the severity of her mental illness, it was "highly unlikely" that she would be able to properly provide parental care at the time of the hearing or in the foreseeable future.
Without minimizing Horenstein's testimony, we conclude that Family Court erred in proceeding with the termination of respondent's parental rights without the statutorily-required examination. Horenstein pointed out that there was no basis to find that respondent refused to be evaluated. Nor did respondent make herself unavailable "by departing from the state or by concealing [herself] therein" (Social Services Law § 384-b [6] [e]). To the contrary, her placement in CDPC was involuntary and, despite her release by December 1, 2017, no further attempt was made to schedule an evaluation. Because the statutory exception does not apply, Family Court lacked authority to determine the legal sufficiency of the proof without a contemporaneous evaluation (see Social Services Law § 384-b [6] [c]). Even though respondent raised no objection at the hearing, this statutory mandate requires that we remit the matter to Family Court for a new hearing and determination (see Matter of Shonica Ahaila S., 41 AD3d 606, 607 [2007]; Matter of Robert M. P.-D., 31 AD3d 560, 561 [2006]).[FN1]
Egan Jr., J.P., Clark and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: We take note that, by letter dated July 19, 2019, petitioner advised that, after reviewing the briefs submitted by respondent and the attorney for the child, it was petitioner's "intention to agree and stipulate that this matter should be returned to Family Court for a new hearing."