Matter of Rahsaan I. (Simone J.) (2022 NY Slip Op 01214)





Matter of Rahsaan I. (Simone J.)


2022 NY Slip Op 01214


Decided on February 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 24, 2022

532319
[*1]In the Matter of Rahsaan I., Alleged to be the Child of a Mentally Ill Parent. Schenectady County Department of Social Services, Respondent; Simone J., Appellant.

Calendar Date:January 6, 2022

Before:Garry, P.J., Clark, Aarons and Colangelo, JJ.

Paul J. Connolly, Delmar, for appellant.
Christopher H. Gardner, County Attorney, Schenectady (Nadia C. Viscusi-Stanners of counsel), for respondent.
Lawrence E. Becker, Albany, attorney for the child.



Colangelo, J.
Appeals from a decision of the Family Court of Schenectady County (Polk, J.), dated August 10, 2020, and an order of said court, entered February 4, 2021, which, in a proceeding pursuant to Family Ct Act articles 10 and 10-A, continued the permanency goal of placement for adoption of respondent's child.
Respondent is the mother of the subject child (born in 2010), who has been in petitioner's custody since March 2016, when petitioner filed a neglect petition against respondent because she was in a psychotic state. In August 2017, petitioner commenced a proceeding to terminate respondent's parental rights, alleging that she suffered a mental illness that prevented her at that time and for the foreseeable future from being able to adequately care for the child. After a hearing, Family Court granted the petition and terminated respondent's parental rights. Respondent appealed and this Court reversed, concluding that Family Court erred in proceeding on the petition without the statutorily-required psychological evaluation of respondent (see Social Services Law § 384-b [6] [e]); the matter was remitted for a new hearing (Matter of Rahsaan I. [Simone J.], 180 AD3d 1162 [2020]). Thereafter, a permanency hearing was held, after which Family Court, by order entered February 4, 2021, extended the child's placement with petitioner and approved the continuation of the permanency goal of adoption. Respondent appeals.[FN1]
Respondent's appeal from Family Court's February 2021 permanency order, which did change the prior permanency goal, has been rendered moot by the issuance of three subsequent permanency orders that continued the child's placement with petitioner and also did not change or modify the permanency goal of adoption (see Matter of Jihad N. [Devine N.], 180 AD3d 1164, 1165 [2020]; compare Matter of Isayah R. [Shaye R.], 189 AD3d 1942, 1943 [2020]). This Court was also advised at oral argument that there has been an additional extension, with the same terms and conditions. Under the circumstances that exist here, the exception to the mootness doctrine does not apply (see Matter of Cheyeanne E [Scott E], 154 AD3d 1206, 1207 [2017]). Accordingly, the appeal from the February 2021 order is dismissed as moot.
Garry, P.J., Clark and Aarons, JJ., concur.
ORDERED that the appeal from the decision is dismissed, without costs.
ORDERED that the appeal from the order is dismissed, as moot, without costs.



Footnotes

Footnote 1: Respondent's appeal from Family Court's August 10, 2020 decision must be dismissed as no appeal lies from a decision (see Family Ct Act § 1112 [a]; CPLR 5512 [a]; Matter of Jason O. [Stephanie O.], 188 AD3d 1463, 1464 n 3 [2020], lv denied 36 NY3d 908 [2021]).