Matter of Edrick PP. (Alexis QQ.) (2023 NY Slip Op 06014)

Matter of Edrick PP. (Alexis QQ.)

2023 NY Slip Op 06014

Decided on November 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 22, 2023

535509
[*1]In the Matter of Edrick PP., Alleged to be a Permanently Neglected Child. Tompkins County Department of Social Services, Respondent; Alexis QQ., Appellant.

Calendar Date:October 11, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Lisa K. Miller, McGraw, for appellant.
Tompkins County Department of Social Services, Ithaca (Isaac D. Lindbloom of counsel), for respondent.
Citizens for Concerned Children, Inc., Ithaca (Thomas G. Shannan of counsel), attorney for the child.

Clark, J.P.
Appeals from a decision and an order of the Family Court of Tompkins County (John C. Rowley, J.), entered May 4, 2022 and May 20, 2022, which, among other things, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be permanently neglected, and terminated respondent's parental rights.
In January 2019, the subject child (born in 2015) was removed from the care of respondent (hereinafter the mother) and placed with the maternal grandmother. One year later, the child was removed from the grandmother's care and placed in a foster home, where he remained throughout these proceedings. In December 2020, petitioner filed the instant petition, alleging that the mother had permanently neglected the child and seeking to terminate her parental rights. The mother consented to a finding of permanent neglect in May 2021, and the dispositional hearing was adjourned to allow the mother an opportunity to engage in services in a more meaningful and continuous way. Following the dispositional hearing in March 2022, Family Court issued a written decision finding that the best interests of the child would not be served by a suspended judgment but, rather, by terminating the mother's parental rights and freeing the child for adoption. A conforming dispositional order was thereafter entered.[FN1] The mother appeals from the decision and the order.[FN2]
Initially, to the extent that the mother appears to challenge the permanent neglect finding, such finding was entered upon her consent and, in the absence of a motion to vacate her admission, is not properly before us on this appeal (see Matter of Brandon N. [Joseph O.], 165 AD3d 1520, 1521-1522 [3d Dept 2018]; Matter of Abbigail EE. [Elizabeth EE.], 106 AD3d 1205, 1206-1207 [3d Dept 2013]). The mother's primary contention is that Family Court erred in terminating her parental rights and, instead, should have issued a suspended judgment. We disagree. "Following an adjudication of permanent neglect, the sole concern at a dispositional hearing is the best interests of the child and there is no presumption that any particular disposition, including the return of a child to a parent, promotes such interests" (Matter of Issac Q. [Kimberly R.], 212 AD3d 1049, 1054 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 39 NY3d 913 [2023]; see Matter of Makayla I. [Sheena K.], 201 AD3d 1145, 1151 [3d Dept 2022], lvs denied 38 NY3d 903 [2022], 38 NY3d 903 [2022]). A suspended judgment is appropriate where a parent has demonstrated that, given a finite period of time, he or she is capable of becoming a fit parent with whom the child can be safely reunited, and that a delay in permanency would not be contrary to the best interests of the child (see Family Ct Act § 633; Matter of Jason O. [Stephanie O.], 188 AD3d 1463, 1467-1468 [3d Dept 2020], lv denied 36 NY3d 908 [2021]; Matter of Isabella H. [Richard I.], 174 AD3d 977, 981-982 [3d Dept 2019]).
In arguing that Family Court should have granted her request for a suspended judgment, the mother hyperfixates on her successful completion of a 30-day inpatient substance abuse treatment program at French Creek Recovery Center in late November 2021. While the completion of such inpatient treatment program is a laudable first step, the mother failed to demonstrate that a short grace period would allow her to become a fit parent. Indeed, the mother testified that she entered French Creek because she "got tired of being accused of using and . . . needed a break," and the record demonstrates that while she was there she minimally engaged in treating her substance abuse issues. Prior to going to French Creek, the mother largely failed to attend Family Treatment Court (hereinafter FTC) or to check in with her FTC coordinator, and she tested positive for fentanyl in September 2021 and for cocaine in October 2021. Upon her discharge from French Creek, the mother began regularly attending a sober support group, but she did not follow French Creek's recommendations to attend FTC, had not engaged in further substance abuse treatment and had not submitted to any drug screens. The mother also failed to meaningfully engage in mental health treatment. In the six months before she went to French Creek, the mother attended only two counseling sessions; after leaving French Creek in December 2021, and despite the recommendation that she engage in mental health treatment, the mother attended only a single counseling session, which occurred the week before the dispositional hearing.
The mother and the caseworkers agreed that the mother's visits with the child were generally positive, and that the child was happy to spend time with the mother. Prior to going to French Creek, the mother had biweekly supervised visits and attended most of them. However, after her discharge from French Creek, the mother did not see the child in person, and only had one phone call with him.[FN3] The caseworkers explained that they had made numerous attempts to meet with the mother to, among other things, set a parenting time schedule, but the mother either rescheduled or failed to appear.
The mother also failed to take advantage of opportunities to familiarize herself with the needs of the child, who is autistic. Although aware that the school held monthly meetings to discuss the child's services and progress, the mother would not attend, opting instead to do her own reading on autism. In contrast, the foster parents, who have two other children with special needs, attended those meetings, followed the child's specific progress and were ready and able to adopt the child and meet his needs. During his placement with the foster parents, the child went from being nonverbal to being able to communicate in full sentences. As of the dispositional hearing, the child had been with the foster parents for over two years, and he had spent approximately half of his life out of the mother's care. While [*2]we acknowledge the mother's successful completion of an inpatient treatment program, her engagement in mental health and substance abuse treatment had continued to be sporadic, at best, and a suspended judgment would have simply continued to delay the child's permanency. Under these circumstances, and deferring to Family Court's credibility determinations, a sound and substantial basis in the record exists for the conclusion that terminating the mother's parental rights is in the best interests of the child (see Matter of Zaiden P. [Ashley Q.], 211 AD3d 1348, 1355-1356 [3d Dept 2022], lvs denied 39 NY3d 911 [2023], 39 NY3d 911 [2023]; Matter of Isabella H. [Richard I.], 174 AD3d at 982; Matter of Keadden W. [Hope Y.], 165 AD3d 1506, 1509 [3d Dept 2018], lv denied 32 NY3d 914 [2019]).
The mother's remaining contentions, to the extent not expressly addressed herein, have been examined and are either unpreserved or lacking in merit.
Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the appeal from the decision is dismissed, without costs.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Petitioner also filed a permanent neglect petition against the child's father which, after a fact-finding hearing, resulted in a finding of permanent neglect against him. That proceeding was heard alongside the mother's at the same dispositional hearing, and the decision and the order on appeal also terminated the father's parental rights. However, the father did not file an appeal or participate in the mother's appeal.

Footnote 2: The mother's appeal from Family Court's May 4, 2022 decision must be dismissed, as no appeal lies therefrom (see Family Ct Act § 1112 [a]; CPLR 5512 [a]; Matter of Rahsaan I. [Simone J.], 202 AD3d 1401, 1401 n [3d Dept 2022]). Nevertheless, the mother's arguments regarding the decision are addressed in the context of her appeal from the May 20, 2022 order (see Matter of Jase M. [Holly N.], 190 AD3d 1238, 1239 n 2 [3d Dept 2021], lvs denied 37 NY3d 901 [2021], 37 NY3d 901 [2021]).

Footnote 3: The caseworkers admitted that they had failed to arrange for the mother to have phone calls with the child while the mother was at French Creek.